274 So.2d 141 (1973)
Willie Earl GRADY
v.
STATE of Mississippi.
No. 47186.
Supreme Court of Mississippi.
February 26, 1973.
Gipson, Gipson & Williamson, Meridian, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Appellant was indicted, tried and convicted in the Circuit Court of Lauderdale County, Mississippi, for the delivery of marijuana and sentenced to four years in the State Penitentiary with the last three years suspended on the conditions set forth in Probation Form 3-B.
Appellant argues two assignments of error on appeal:
1. The trial court erred in allowing statements which had not been examined by counsel for Defendant-Appellant prior to trial, in direct violation of the trial court's ruling that counsel for Defendant-Appellant was to have such access to all statements prior to trial.
2. The trial court erred in permitting testimony as to the contents of an envelope allegedly containing drugs when the possession of the envelope and substance was not shown to be in continuous and proper legal custody.
Before trial the motion of appellant to compel disclosure of evidence by the State was sustained by the trial court. The order *142 of the court specifically detailed the disclosure to be made to appellant by the State.
Pursuant to the order, appellant was given a copy of a written report typed by Howard Nester, a narcotics investigator for the Police Department of the City of Meridian, Mississippi, which was entitled, "RESUME OF SPECIAL OFFICER EDDIE NEALEY IN THE WILLIE EARL GRADY CASE BY H. NESTER." The report named John Paul Rhone as the person appellant obtained marijuana from at the request of Special Officer Eddie Nealey. The name John Paul was struck out and George Oliver was inserted above John Paul in ink. A copy of the report containing the change was not given to appellant before trial. The indictment shows that appellant was jointly indicted with George Oliver Rhone; that appellant had summoned John Paul Rhone as a witness; that George Oliver Rhone was in custody and appellant's attorney was given an opportunity to interview him during the trial. Several other discrepancies appear in the typewritten report when compared to the oral testimony of Eddie Nealey.
After it became apparent to the court that there was a variance between the typewritten report which had been furnished before the trial to appellant and his attorney and the testimony of the witness Nealey, the trial court, offered at two different times a continuance to appellant so that he could make an investigation necessary and "meet head on" the testimony that was presented from the witness stand which was different from that contained in the typewritten report. Appellant, through his attorney, declined to accept the continuances and now complains that the trial court erred in permitting statements to be introduced in evidence which had not been examined by counsel for appellant before trial.
The written report furnished appellant materially differed from the testimony of the witness, Nealey, but when the court offered to continue the case to afford appellant the opportunity of making an investigation of the facts testified to, and upon appellant's election to proceed with the trial rather than accept the continuance and make an investigation, the court did all that it could to protect the rights of appellant. The court did not commit error in permitting the testimony of Nealey which varied from the written report. The full extent of the variance was fully developed before the jury.
The second assignment of error is directed toward the failure of the State to introduce every witness who handled the substance, identified as marijuana, by Dr. Albert Hume, State Chemist. After the substance was delivered to undercover agent Nealey, he and Nester initialed the cigarette paper in which the substance was wrapped, placed it in a plain envelope, sealed the envelope and initialed it. Nester then put the plain envelope in a bag and then in a large manila envelope, sealed it, initialed it and delivered it to a Mr. Ready, the evidence custodian of the Mississippi Crime Laboratory. Ready was not introduced as a witness but Dr. Hume testified that he received the manila envelope unopened, that he opened the envelope, found the inner envelope and the substance rolled in a cigarette paper with the initials of officers Nealey and Nester on the cigarette paper. He examined the substance, determined that it was marijuana, resealed the substance in the same manila envelope and opened it when he testified. Officers Nealey and Nester then identified their initials on the cigarette paper in which the substance was rolled. Nester identified the brown envelope which was an exhibit to the testimony of Dr. Hume and identified it as the same envelope except that it had been opened.
From the record made, it does not appear that there is any reasonable basis for an inference that the evidence introduced was tampered with or substituted in any *143 way from the time it was received by Nealey until it was introduced in evidence.
Appellant contends that error was committed by the admission in evidence because the State failed to establish by live witnesses the continuous possession of the substance from the time of its delivery until its introduction in evidence. The test is whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence. Gallego v. United States, 276 F.2d 914 (9th Cir.1960); Brewer v. United States, 353 F.2d 260 (8th Cir.1965); Stunson v. State, 228 So.2d 294 (Fla.App. 1969).
In Wright v. State, 236 So.2d 408 (Miss. 1970), this Court held the introduction of demonstrative evidence without requiring preliminary proof of the condition of such evidence from time of seizure until time of examination by an expert witness is:
[U]sually determined within the sound discretion of the trial judge, and, unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the ruling of the trial court... . (236 So.2d at 409).
Bester v. State, 222 Miss. 706, 77 So.2d 270 (1955); Wood v. State, 221 Miss. 901, 74 So.2d 851 (1954); 29 Am.Jur.2d Evidence § 769 (1967); 29 Am.Jur.2d Evidence § 717 (1967); 32 C.J.S. Evidence § 604 (1964).
We hold that the trial judge did not abuse his discretion in permitting the introduction of the substance in evidence which was identified as marijuana because there is no suggestion whatsoever in the record that the substance was tampered with or another substance substituted therefor. The chain of evidence was satisfactorily shown and the whereabouts of the contraband was fully explained at all times from delivery to Nealey until introduction into evidence.
For the reasons stated this case is affirmed.
Affirmed.
GILLESPIE, C.J., and SMITH, WALKER and BROOM, JJ., concur.