276 So.2d 652 (1973)
Terry NIX
v.
STATE of Mississippi.
No. 47335.
Supreme Court of Mississippi.
April 16, 1973.
Billy Joe Landrum, Ellisville, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Convicted in the Circuit Court of Jones County of the sale of marijuana, Terry *653 Nix was sentenced to serve ten years in the state penitentiary.
On appeal to this Court, defendant contends that the marijuana was not properly introduced into evidence. This question has two points of inquiry.
It is first contended that the marijuana itself was not introduced into evidence with the container. The undercover agent who had made the purchase from defendant was handed a matchbox and an envelope which he identified. The witness explained that the matchbox was the one containing the marijuana he had purchased from the defendant. After the purchase he had put his initials and the date on the matchbox, sealed it, and placed it in an envelope. While on the stand the witness was asked to open the matchbox, and he did, and upon being asked what was in the box, he answered that it contained a green leafy substance. The prosecutor then asked the witness sufficient questions to identify the substance and the envelope in which the box was contained and the box and envelope were marked for identification. Thereafter, when the toxicologist was introduced, he identified the box and testified that he had made tests and that the box contained marijuana. The prosecuting attorney then stated that he desired "to introduce both the matchbox and the envelope as exhibits into evidence." Defendant contends that since the leafy substance, the marijuana, was not mentioned when the matchbox and the envelope were introduced into evidence that the marijuana was never introduced. We find no merit in this contention. The record does not reveal that the marijuana was removed from the matchbox after the exhibits were identified in court, and it follows that when the box was introduced in evidence the marijuana was also introduced. It is not contended that the marijuana was removed from the box after the box was marked for identification.
The second point of inquiry with reference to the introduction of the marijuana is whether there was such a break in the chain of custody between the time the marijuana was received by the undercover agent and the time it was offered into evidence as to render the marijuana inadmissible. The undercover agent testified that after purchasing the marijuana from the defendant and after placing his initials and the date on the matchbox he sealed it, placed it in an envelope, and delivered it to Donald Readdy, the custodian of evidence at the State Crime Laboratory. Mr. Readdy did not testify, but Mr. Williams, the toxicologist, testified that he removed the marijuana from the evidence vault five days after the undercover agent testified he delivered it to the custodian. The toxicologist identified the box by the initials and date and testified that the content was marijuana. We are of the opinion that the evidence was sufficiently identified to admit the marijuana into evidence. The chain of custody of evidence in control of the authorities is usually determined within the sound discretion of the trial judge, and unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the rulings of the trial court. Wright v. State, 236 So.2d 408 (Miss. 1970). See also Gallego v. United States, 276 F.2d 914 (C.C.A.9th, 1960). The test is whether or not there is an indication of probable tampering with the evidence. Stunson v. Florida, 228 So.2d 294 (Fla.App. 1969). In such matters the presumption of regularity supports the official acts of public officers. Gallego v. United States, supra.
In his argument the district attorney made nine statements to the jury that were irrelevant or not supported by the evidence. In each instance objection was made and sustained, but a motion for mistrial was overruled. We do not find any reversible error in this connection, but the district attorney's remarks were unnecessary, improper, and deserve criticism.
The other assignments of error are without merit. The evidence was ample to justify *654 the conviction and we find no reversible error.
Affirmed.
PATTERSON, INZER, ROBERTSON and WALKER, JJ., concur.