336 So.2d 742 (1976)
Issac NIXON
v.
STATE of Mississippi.
No. 49208.
Supreme Court of Mississippi.
August 17, 1976.
*743 William S. Boyd, III, Laurel, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Special Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
PATTERSON, Presiding Justice:
Issac Nixon was convicted of armed robbery by the Circuit Court of the Second Judicial District of Jones County and sentenced to thirty years in the state penitentiary.
On December 2, 1974, the Fifth Avenue Package Store in the city of Laurel was robbed. Edward Vance, the proprietor, opened the store on the day of the robbery and served several customers. His next customer came into the store and requested a bottle of wine. When Vance turned to obtain the wine, the customer rushed around the counter and stuck a pistol in his ribs, forcing him to lie upon the floor. The customer, turned robber, unsuccessful in his attempt to open the cash register, directed Vance to open it and after he had done so, forced him at gunpoint to again lie on the floor. The thief rifled the cash register and departed leaving Vance tied and gagged. Vance was able thereafter to sound an alarm and notify the authorities of the robbery.
The police officers in their investigation lifted a latent fingerprint from the cash register and acting upon a tip obtained the known fingerprints of Nixon, the appellant, from their files. These fingerprints were sent to the Federal Bureau of Investigation for comparison. Their examination revealed the prints were those of the same person, thereby identifying the appellant. He was also identified in court by Vance as the person who had robbed him.
The appellant presently contends that the trial court erred in permitting the latent fingerprint into evidence because its "chain of custody" was not established, erred in permitting the known fingerprints into evidence because they were taken when he was a youth and erred by not requiring the state to prove the lawfulness of his arrest when the known fingerprints were obtained.
The first issue arises from the testimony of the Federal Bureau of Investigation fingerprint specialist. She stated the latent fingerprint card was within an unopened plastic container when she received it for comparison. The state's attorney then asked: "And who broke the seal on it when it was retrieved from the storage vault?" The witness responded: "As far as I know probably Mr. DeRonja since he was assigned the case over in the lab. Frank J. DeRonja." From this testimony it is argued the latent print was erroneously introduced as evidence to establish the appellant's identity because Frank DeRonja was not called as a state witness to establish the *744 latent fingerprint's complete chain of custody. We are of the opinion this contention is without merit. In Nix v. State, 276 So.2d 652 (Miss. 1973), we held:
The chain of custody of evidence in control of the authorities is usually determined within the sound discretion of the trial judge, and unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the rulings of the trial court. Wright v. State, 236 So.2d 408 (Miss. 1970); See also Gallego v. United States, 276 F.2d 914 (C.C.A.9th, 1960). The test is whether or not there is an indication of probable tampering with the evidence. Stunson v. Florida, 228 So.2d 294 (Fla. App. 1969). In such matters the presumption of regularity supports the official acts of public officers. Gallego v. United States, supra. (276 So.2d at 653)
See also Grady v. State, 274 So.2d 141 (Miss. 1973). We discern no evidence in the record supporting a theory of wrongful tampering with the evidence, or the probability thereof. The presumption of regularity supports the acts of public officers in their custody of the latent fingerprint. We therefore think it was properly introduced into evidence.
It is next urged that the known fingerprints were improperly introduced into evidence because they were obtained in contravention of Mississippi Code Annotated section 43-21-19 (1972) which states in part:
No adjudication upon the status of any child shall operate to impose any of the civil disabilities ordinarily imposed by conviction of adults, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction. The disposition of a child or any evidence given in the court in any proceedings concerning him shall not be admissible against the child in any case or proceeding in any other court. However, any such records, including names, shall be made available to any office or agency of the State of Mississippi or any subdivision thereof upon the request of such agency or subdivision. (Emphasis added.)
In rejecting this argument we first observe there is no evidence indicating the known fingerprints were given in evidence in a youth court proceeding, a prerequisite to inadmissibility by the terms of the statute. Moreover, law enforcing officers are authorized by Mississippi Code Annotated section 99-15-13 (1972) to take the fingerprints of those charged with crime for identification purposes. See Newton v. State, 321 So.2d 298 (Miss. 1975). We are of the opinion, from the present circumstances, that Mississippi Code Annotated section 43-21-19 (1972) did not bar the introduction of the known prints into evidence.
The argument next advanced for reversal is that the state should have substantiated by testimony the lawfulness of Nixon's arrest in 1969. While it can be deduced from the evidence that Nixon was arrested for shoplifting when a youth in 1969 and his fingerprints taken, there is nothing to indicate the arrest was without probable cause or was otherwise unlawful. The appellant was afforded every opportunity to substantiate his suggestion that probable cause did not exist for the arrest, but declined to do so, leaving the issue resting upon the premise "the state hasn't proved that the print was taken as a result of a lawful arrest and for the additional reason that he was a minor." In Raper v. State, 317 So.2d 709 (Miss. 1974), we held there is a strong presumption that the actions of law enforcement officials are valid. The presumption of validity extends to Nixon's arrest in 1969 and being unchallenged by testimony to support the appellant's theory of unlawful arrest, it prevails. We therefore think the appellant's argument is without merit.
*745 Our review of the record discloses a fair trial and sufficient evidence to support the conviction.
AFFIRMED.
GILLESPIE, C.J., INZER, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.