737 So.2d 371 (1998)
Arbarkarra Keith HALEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00616 COA.
Court of Appeals of Mississippi.
November 24, 1998.
Rehearing Denied February 23, 1999.
Certiorari Denied May 13, 1999.
*372 Jeffrey Loewer Hall, Attorney for Appellant.
Office of the Attorney General by Jolene M. Lowry, Attorney for Appellee.
Before McMILLIN, P.J., and COLEMAN and PAYNE, JJ.
PAYNE, J., for the Court:
¶ 1. Appellant, Arbarkarra Keith Haley, was convicted after a jury trial in the Circuit Court of Forrest County, the Honorable Richard W. McKenzie presiding, of one count of armed robbery and one count of aggravated assault. The trial court sentenced Haley to serve consecutive terms of fortyfour years on the armed robbery count and twenty years on the aggravated assault count. Subsequently, the trial court overruled Haley's motion for JNOV or, in the alternative, a new trial. Feeling wronged by the outcome of his case, Haley filed this appeal. Upon careful review of the record and the relevant precedents, we find each of Haley's assignments of error to be without merit. Accordingly, we sustain his conviction and sentence.

*373 FACTS
¶ 2. On the night of January 4, 1996, Haley and three other individuals, Rayfield Johnson, Kenneth Williams, and Tangelia Conerly, left Conerly's mother's home in a Chevrolet Chevette driven by Williams destined for the Mississippi Gulf Coast. Ultimately, the trip turned into an excursion of criminal mischief from which this appeal flows.
¶ 3. The quartet stopped at the Corner Truck Stop/Fuel Center on U.S. 49 south of Hattiesburg, Mississippi. Mr. Gilbert Archuleta, an over-the-road truck driver from Colorado, had stopped at the establishment to refuel, eat, and make some telephone calls and had parked his rig in the back of the truck stop. Archuleta was approached by Conerly, who sought to get a ride from him. Agreeing, Archuleta opened the passenger door of his truck at which time he was attacked by Williams, who was wearing a white hockey mask, and Haley. The victim was drug from his truck, severely beaten about the head and shoulders requiring emergency treatment, and robbed of various personal items, including a wallet and $22, a leather jacket, and a ring.
¶ 4. The perpetrators left the crime scene and proceeded north on Highway 49. Forrest County Deputy Sheriff Mike Woodward, acting on a bulletin issued describing the suspect vehicle and its occupants, effected a traffic stop of the quartet. On approaching the suspect vehicle, Deputy Woodward noticed a white hockey mask through the window in the back of the car, as well as Conerly's attire, a flowered dress. Based on the consistency of his observations with the information contained in the bulletin on which he had effected the stop, Deputy Woodward ordered the suspects out of the car and handcuffed them. Suspect Johnson informed Deputy Woodward that there was a gun in the vehicle on the passenger side. In locating the weapon, Deputy Woodward discovered a man's wallet on the ground outside the vehicle, at which time the car was secured as a crime scene. Later recovered from the scene and from the perpetrators by the Forrest/Lamar County Crime Scene Unit was a Ruger semiautomatic handgun, a box of Ruger ammunition, a white plastic hockey mask, a brown leather wallet containing the identification of the victim, a black leather jacket, a ring, a casino chip, a pocket watch, and a pink slip of paper from a message pad. Detective Danny Rigel testified that the casino chip and the ring, later identified by the victim as being his property, were recovered from Haley's pants pocket.
¶ 5. On April 1, 1996, Haley and his cohorts were indicted for armed robbery and aggravated assault. Subsequently, Haley was convicted by a jury of these offenses and was sentenced to serve, consecutively, a forty-four year term on the robbery count and a twenty year term on the aggravated assault count.[1] After reviewing the record and relevant legal authority, we find Haley's arguments to be without merit. Accordingly, we affirm his conviction and sentence in this matter.

ISSUES PRESENTED
¶ 6. Haley raises four issues in this appeal:
I. WHETHER THE TRIAL COURT ERRED IN DENYING HALEY'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE PROSECUTION'S CASE-IN-CHIEF AND AT THE CLOSE OF THE TRIAL.
II. WHETHER THE TRIAL COURT ERRED IN DENYING HALEYS MOTION FOR JNOV.
III. WHETHER THE TRIAL COURT ERRED IN ALLOWING CERTAIN ITEMS INTO EVIDENCE PRIOR TO THE ESTABLISHMENT *374 OF THE CHAIN OF CUSTODY BY THE PROSECUTION.
IV. WHETHER THE TRIAL COURT ERRED, UNDER M.R.E. 404(B), IN DENYING HALEY'S MOTION FOR A MISTRIAL WHEN, ON DIRECT EXAMINATION, A PROSECUTION WITNESS AND ACCOMPLICE OF HALEY TESTIFIED ABOUT OTHER CRIMES CONTEMPLATED BY HALEY AND HIS COHORTS.
Finding no merit in these assignments of error, we overrule them and affirm the lower court's decision in this case.
DISCUSSION AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN DENYING HALEY'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE PROSECUTION'S CASE-IN-CHIEF AND AT THE CLOSE OF THE TRIAL.
II. WHETHER THE TRIAL COURT ERRED IN DENYING HALEY'S MOTION FOR JNOV.
¶ 7. In his first two assignments of error, Haley alleges that the trial court erred in denying his motions for a directed verdict and his motion for JNOV. As each of these allegations challenge the sufficiency of the evidence, we dispose of both here. Finding no error in the trial court's denial of these motions, we overrule Haley's assignments of error on these issues.
¶ 8. Our standard of review with regard to motions challenging the sufficiency of the evidence is well-established. A challenge to the sufficiency of the evidence requires consideration of the evidence before the court when made, so that this Court must review the ruling on the last occasion when the challenge was made at the trial level. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In this case, this occurred with the circuit court's denial of Haley's motion for JNOV. Further, with challenges to the sufficiency of the evidence, we must sustain a trial court's decision if we find that there was sufficient evidence to support the jury's verdict. Collier v. State, 711 So.2d 458, 461(¶ 11) (Miss.1998); McClain, 625 So.2d at 778; Esparaza v. State, 595 So.2d 418, 426 (Miss.1992); Wetz v. State, 503 So.2d 803, 808 (Miss.1987); Harveston v. State, 493 So.2d 365, 370 (Miss.1986). This Court must consider the evidence presented at trial in the light most favorable to the prosecution, accepting as true all credible evidence introduced by the prosecution coupled with all reasonable inferences flowing therefrom. Noe v. State, 628 So.2d 1368, 1369 (Miss.1993); Heidel v. State, 587 So.2d 835, 838 (Miss.1991); Wetz, 503 So.2d at 808; Hammond v. State, 465 So.2d 1031, 1035 (Miss.1985).
¶ 9. Based on our review of the record in this case and given our narrow scope of review, we cannot say that the trial court erroneously overruled these motions. First, at the end of the prosecution's case-in-chief, testimony had been provided by Tangelia Conerly placing Haley at the scene of the crime. Further, Deputy Woodward detained Haley and the other suspects based on the police bulletin issued regarding the robbery/assault, and Detective Rigel testified that items belonging to the victim were taken from Haley's person. This was sufficient to leave the matter in the hands of the jury. Similarly, based on the quantum of evidence presented at the trial of this matter, we can hardly say that reasonable and fair-minded jurors could have only found Haley innocent of these charges. McClain, 625 So.2d at 778. Haley was placed at the crime scene, he was with the three other confessed perpetrators of this crime soon after the incident, and personal property belonging to the victim was on Haley's person.
¶ 10. Accordingly, we overrule Haley's assignment of error with regard to the trial court's denial of the directed verdict motions and Haley's JNOV motion.

III. WHETHER THE TRIAL COURT ERRED IN ALLOWING CERTAIN ITEMS INTO EVIDENCE PRIOR TO *375 THE ESTABLISHMENT OF THE CHAIN OF CUSTODY BY THE PROSECUTION.
¶ 11. Haley's third assignment of error alleges that the trial court erred by allowing in certain items of evidence for which a chain of custody was not properly established and where the evidence inventory logs contained discrepancies as to what was actually recovered. Haley's counsel objected twice to this evidence, once in a suppression motion and once at trial. Our case law is clear regarding chain of custody issues. The Mississippi Supreme Court has established the test for the continuous possession of evidence to be "whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence." Wells v. State, 604 So.2d 271, 277 (Miss.1992); Gibson v. State, 503 So.2d 230, 234 (Miss.1987); Grady v. State, 274 So.2d 141, 143 (Miss.1973). Further, resolution of any questions as to the chain of custody and possession of evidence is vested in the sound discretion of the trial court, and if we find no resulting prejudice to the defendant flowing from the trial judge's decision, we must sustain the trial judge. Thomas v. State, 711 So.2d 867, 871 (Miss.1998); Morris v. State, 436 So.2d 1381, 1388 (Miss.1983); Nix v. State, 276 So.2d 652, 653 (Miss. 1973). Additionally, a strong presumption of validity accompanies actions of law enforcement officials with regard to preservation of evidence. Nixon v. State, 336 So.2d 742, 744 (Miss.1976); Raper v. State, 317 So.2d 709, 712 (Miss.1975).
¶ 12. First, Haley alleges that the trial court erred in not granting his suppression motion due to the alleged chain of custody problems. At the suppression hearing, Detective Rigel testified that he seized the following items from the person of Haley at the scene of the traffic stop involving Haley and his cohorts: a casino token, a pinky ring, a pair of dice, a pager, a key ring with three keys, one $5 bill, three $1 bills, Haley's driver's license, ten quarters, twelve dimes, thirteen nickels, ten pennies, and eight assorted pieces of paper. After later inventorying the items, Rigel testified that the items remained in his constant care, custody, and control and had not been tampered with or otherwise altered until he surrendered the items to the clerk of the court. Rigel testified that he committed two typographical errors in preparing the evidence logs: one indicated that there were only two $1 bills instead of three $1 bills and the other, in parentheses beside "TEN," indicating the number of quarters seized from Haley's pockets, there was a "1" instead of a "10."
¶ 13. Haley contends that these errors are more than simple typographical errors and are sufficient to suggest improper handling of and tampering with the evidence. As a remedy, Haley sought suppression of this evidence. Contra, the State says that the errors were typographical, as testified to by Rigel, and that there was no evidence of mishandling the evidence. The items in question were found on Haley's person. The detective who inventoried the evidence testified as to what he seized from Haley and to the fact of the recording errors he made in preserving the evidence.
¶ 14. Haley collaterally argues that the trial court erred, at trial, in admitting State's evidence labeled S-1(leather jacket); S-2(pinky ring); S-3(casino chip); S-4(pocket watch); S-5(note); and S-6 (note from pink pad) through the testimony of the victim. Here, as aforementioned, these matters are left to the sound discretion of our trial judges. Thomas v. State, 711 So.2d 867, 871 (Miss.1998); Morris v. State, 436 So.2d 1381, 1388 (Miss.1983); Nix v. State, 276 So.2d 652, 653 (Miss. 1973). With regard to his decision in allowing these items into evidence at this particular junction, the trial judge, in response to Haley's counsel's objection noted:
Well, there has been other testimony before this Court outside the presence of the jury that establishes the chain, and I *376 will take judicial notice at this time, particularly since we're outside the presence of the jury, that the chain has been established, though it was done through other witnesses.
* * * * * *
But in this particular case, since the Court has the benefit of having heard other witnesses link it up [the evidence in question] as far as the chain of custody is concerned, I'm going to make an exception in this case and this case alone because I know that, and I'm going to allow it.
¶ 15. There is no precedent helpful regarding the carrying over of proof of a chain of custody from a suppression hearing to a trial. However, based on our review of the trial court's decision and relevant authority and in light of the strong presumption of validity afforded to law enforcement officials in such evidentiary matters, and given that the trial court was in the best position to assess the credibility of the witnesses in this regard, we do not find an abuse of discretion that would mandate a reversal.
¶ 16. Clearly, the trial court was convinced that the evidence had not been tampered with and that the chain was adequately established. Rule 901(a) of the Mississippi Rules of Evidence provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." M.R.E. 901(a). Absent some demonstrated prejudicial impact on Haley's case, we will not disturb the trial court's discretion in this regard. Thomas, 711 So.2d at 871. Having reviewed the record, we find no such prejudice and therefore affirm the trial court's findings in this regard.

IV. WHETHER THE TRIAL COURT ERRED, UNDER MISS. R. EVID. 404(B), IN DENYING HALEY'S MOTION FOR A MISTRIAL WHEN, ON DIRECT EXAMINATION, A PROSECUTION WITNESS, AN ACCOMPLICE OF HALEY'S, TESTIFIED ABOUT OTHER CRIMES CONTEMPLATED BY HALEY AND HIS COHORTS.
¶ 17. Haley's fourth assignment of error relates to testimony at trial offered by Tangelia Conerly. The testimony of which Haley complained came on direct examination in discussing the events surrounding the robbery/assault:
By Mr. Jones [prosecutor]: Was that the plan all three of y'all-all four of y'all had?
By Ms. Conerly: Yes, sir.
By Mr. Jones: You were supposed to get him to unlock his door and they were going to rob him?
By Ms. Conerly: Yes, sir.
By Mr. Ratliff [defense counsel]: Your Honor, I want to object to that question and any future questions phrased that way because that's certainly leading the witness.
By Mr. Jones: Well, just tell us what what was your
By the Court: All right. Sustained.
By Mr. Jones: Who made up this plan?
By Ms. Conerly: The plan just suddenly came along when we was going down the highway. It was when we was going to the Coast. At first, it was going to rob a drug dealer.
By Mr. Jones: Wait. Hold on.
By Mr. Ratliff: Your Honor, object to that. That's highly prejudicial and irrelevant.
¶ 18. Prior to the trial, Haley filed a motion in limine regarding testimony relating to another robbery by a different witness, but not Ms. Conerly. The trial court held that motion in abeyance until the testimony came forth at trial at which time a proffer was to be offered outside the presence of the jury. However, it was not anticipated by the prosecution, or apparently by defense counsel since Conerly was not included in the motion in limine, *377 that Conerly would offer this testimony. Regardless, Conerly did testify about the other planned robbery.
¶ 19. Rule 404(b) of the Mississippi Rules of Evidence provides:
Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
While Haley is absolutely correct in his assertion that other bad acts are absolutely inadmissible to show action in conformity with the charged crime, he ignores the relevant portion of the rule with regard to his case regarding admissibility of other bad acts to show plan and intent. The Mississippi Supreme Court has established that evidence of other bad acts are admissible to show, inter alia, a defendant's plan and intent, and even Haley's own authority recognizes as much. Duplantis v. State, 644 So.2d 1235, 1246 (Miss.1994); Neal v. State, 451 So.2d 743, 759 (Miss.1984). Further, the Mississippi Supreme Court has opined that proof of another bad act is admissible where the offense charged and the act offered to be proved are "so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences" proof of the other crime or act is admissible. Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1995) (quoting Wheeler v. State, 536 So.2d 1347, 1352 (Miss.1988)). Further, evidence of other bad acts is admissible where it is necessary to identify the defendant, where it is material to prove motive, and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge. Wheeler v. State, 536 So.2d 1347, 1352 (Miss.1988).
¶ 20. Here, the testimony of Conerly was not intended to prove acts in conformance, but rather that Haley had planned and intended to commit a similar crime to the one charged in the indictment, namely robbery and assault. Furthermore, the planned and intended robbery of the drug dealer on the Coast was interrelated to the crime at issue as it occurred en route to the commission of the robbery on the Coast. Thus, the testimony did not violate Rule 404(b), as it was probative of Haley's motive and intent to commit the crime of robbery. Consequently, Haley's fourth assignment of error is not well taken and is overruled.
¶ 21. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I OF ARMED ROBBERY AND SENTENCE OF FORTY-FOUR YEARS; COUNT II OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS, WITH SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO FORREST COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING and SOUTHWICK, JJ., concur.
NOTES
[1] Rayfield Johnson, Kenneth Williams, and Tangelia Conerly entered guilty pleas with regard to this incident.