748 So.2d 844 (1999)
Preston DANNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01158-COA.
Court of Appeals of Mississippi.
August 17, 1999.
*845 Harold J. Barkley III, Aberdeen, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. Appellant Preston Danner was convicted of the sale of cocaine in the Monroe County Circuit Court and was sentenced to serve a term of twenty years imprisonment with the Mississippi Department of Corrections. Feeling aggrieved, Danner filed this appeal.

FACTS
¶ 2. On February 28, 1998, Preston Danner sold a rock of crack cocaine to Sandy Crum, an undercover agent working with the Narcotics Unit of the Amory Police Department, and to Ricky Mills, a confidential informant. At the time of the sale, Monroe County Deputy Ray Blaylock and Amory Police Department Officer Sam Warren provided surveillance via a receiver and a body transmitter.
*846 ¶ 3. As Crum and Mills approached the "buy" site, Tommy Fields approached their car where Crum and Mills told Fields they "need a forty." At that time Fields yelled the same message to Danner and Danner came to the car and made the cocaine sale to Crum and Mills.
¶ 4. After the sale, a crime lab analysis confirmed the substance was crack cocaine, and Danner was later arrested.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 5. On appeal, appellant raises the following issues for this Court's review: (1) whether or not the verdict was against the overwhelming weight of the evidence and (2) whether or not the chain of custody of the cocaine was established by the State.
¶ 6. It is prudent at this time to distinguish terms for the benefit of all parties involved in this case. Appellant argues the verdict was against the overwhelming weight of the evidence and alleges the trial court erred in overruling his motion for a new trial or, in the alternative, for a judgment notwithstanding the verdict. Though not stated as such in his issues raised on appeal, appellant is arguing both weight and sufficiency and, thus, we will address and distinguish both of these issues.
¶ 7. A motion for a new trial will be granted when the weight of the evidence is so overwhelming that an unconscionable injustice would result if a new trial is not granted. It is well established that matters regarding the weight of evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss. 1984). As such, our scope of review is limited in considering challenges to the weight of the evidence. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice. Eakes v. State, 665 So.2d 852, 872 (Miss.1995); Flowers v. State, 601 So.2d 828, 833 (Miss.1992); McFee v. State, 511 So.2d 130, 133-34 (Miss.1987). We cannot say that the evidence was such that allowing a conviction to stand on this evidence would result in an unconscionable injustice. Thus, there is no error in this regard.
¶ 8. A directed verdict and judgment notwithstanding the verdict both attack the sufficiency of evidence. Our standard of review with regard to motions challenging the sufficiency of the evidence is well established. When reviewing the quantum of the evidence presented at trial on this matter, the question is whether reasonable and fair-minded jurors could have only found the defendant not guilty of the charges, where in the present case the jury found him guilty. Haley v. State, 737 So.2d 371 (¶ 8) (Miss.App.1998); McClain v. State, 625 So.2d 774, 778 (Miss.1993). In the present case, the jury's verdict was unquestionably proper based on the evidence presented; therefore, we find no error in that the evidence was sufficient to produce the guilty verdict.
¶ 9. Danner's second issue on appeal contests the chain of custody in handling the cocaine. Our standard of reviewing chain of custody was set forth in Nix v. State, 276 So.2d 652 (Miss.1973). In Nix, the court said, "The chain of custody of evidence in control of the authorities is usually determined within the sound discretion of the trial judge, and unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the rulings of the trial court. The test is whether or not there is an indication of probable tampering with the evidence." Id. at 653 (citations omitted).
¶ 10. In the present case, the verdict was not against the overwhelming weight of *847 the evidence nor against the sufficiency of the evidence, and the record in this case does not reflect the cocaine sample was tampered with in any way. Accordingly, we now affirm on both issues.

ANALYSIS OF THE ISSUE PRESENTED

I. WHETHER OR NOT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 11. Herrington v. State, 690 So.2d 1132, 1138 (Miss.1997) states, "A trial court may not overturn a jury verdict and order a new trial unless it concludes that the verdict was against the overwhelming weight of the evidence, and that an unconscionable injustice would otherwise result."
¶ 12. The evidence presented in this case is overwhelmingly in favor of the verdict. The audiotape used in the undercover operation was properly authenticated and admitted, and the tape proved the transaction between Danner and the informants took place. Three witnesses, including the confidential informant, the undercover deputy who accompanied the informant in the buy, and the sheriff's deputy, all testified Danner was the one who sold the drugs. The crime lab expert testified she conducted three different tests on the substance recovered from the undercover operation which proved the substance to be crack cocaine. The expert witness from the crime lab and Deputy Blaylock both testified how quality control procedures were followed to insure the substance was not tampered with from retrieval to the testing at the lab to the trial on this matter.
¶ 13. All these facts lead to the conclusion the jury reached in finding the appellant guilty of the crime charged. Accordingly, we affirm the trial court on this issue.

II. WHETHER OR NOT THE CHAIN OF CUSTODY OF THE COCAINE WAS ESTABLISHED BY THE STATE.
¶ 14. The test to establish the chain of custody "is whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence." Grady v. State, 274 So.2d 141, 143 (Miss.1973).
¶ 15. In the present case, the State took extensive measures to insure no tampering of the evidence occurred. Immediately after the undercover sale, Agent Crum turned the cocaine over to Deputy Blaylock who placed the cocaine in an evidence bag, sealed the bag and wrote his initials over the seal. He also wrote on the bag his badge number, the case number, and the date. Shortly thereafter Deputy Blaylock delivered the evidence to the crime lab and Edwina Ard, a forensic scientist at the lab, accepted the transfer.
¶ 16. Upon its arrival at the crime lab, the evidence packet containing the cocaine was marked with several identification abbreviations including a "T" for Tupelo Laboratory, "97" for the year at that time, and another number indicating entry into the log book. Ms. Ard signed her initials across the bottom of the bag and wrote the date on the bag, as well.
¶ 17. Ms. Ard conducted three different tests on the substance, finding it to be crack cocaine. Ms. Ard also testified she only worked on one case at a time, eliminating speculation that the substance could have been confused with another evidence packet.
¶ 18. The cocaine evidence remained in the crime lab until Deputy Blaylock retrieved it. In reviewing all the evidence as to how quality control measures were taken to ensure the chain of custody was not broken, appellant's contention the chain was broken is without merit.
¶ 19. "Furthermore, this Court has also held that matters regarding the chain of custody of evidence are largely left to the discretion of the trial judge and will not be disturbed unless there appears to be an *848 abuse of discretion." Nails v. State, 651 So.2d 1074, 1077 (Miss.1995). In this case, we can find no abuse of discretion. Accordingly, we now affirm on this issue.

CONCLUSION
¶ 20. The law does not support appellant's contentions that the verdict was against the overwhelming weight of evidence and the chain of custody for the cocaine was not properly established. Therefore, the findings of the lower court on each of these two issues is affirmed.
¶ 21. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF THE SALE OF COCAINE AND SENTENCE OF TWENTY YEARS WITH TEN YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 WITH $4,000 SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO MONROE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.