IRVING, J„
for the Court:
¶ 1. Dedrick Jones was indicted by the DeSoto County Grand Jury for possession of cocaine in violation of Mississippi Code Annotated Section 41-29-139 (Rev.1993). He was tried and found guilty as charged in the Circuit Court of DeSoto County and was sentenced to serve three years in the custody of the Mississippi Department of Corrections. A motion for JNOV or in the alternative a new trial was filed and subsequently denied. Jones filed this appeal from the denial of that motion and argues that the verdict of the jury was against the weight of the evidence.
Facts
¶ 2. The facts, according to the State’s case are as follows:
¶ 3. Officer Chris Sing of the Hernando Police Department was on patrol on October 22, 1997, in the west end of town near Southern and Gin Streets in DeSoto Coun *62 ty. Sing saw Dedrick Jones a/k/a Deck Jones, standing on the street corner. When Jones saw the officer approaching in the patrol car, Jones walked up to a residence. Sing testified that this suspicious action on the part of Jones caught his attention, and he radioed into dispatch to determine if there were any outstanding warrants on Jones. The reply came back that there was an outstanding arrest warrant. At about this same time, an alarm call came from dispatch and instead of executing the arrest of Jones at that time Sing decided to answer the other call along with Officer Steve Atkinson. The alarm call turned out to be a false alarm; nevertheless, the officers had to remain on the scene until someone with a key to the residence arrived. Sing testified that, while the officers were waiting, he made preparations for arresting Jones by thoroughly inspecting his patrol car for the presence of any contraband by running his hands through the back of the back seat, underneath where it meets the bottom of the seat, the floorboard and all over the back seat. When the alarm call ended Sing and Atkinson both drove back to where Sing had last seen Jones to make the arrest.
¶ 4. Each officer drove his own patrol car, and they found Jones standing on the grass near the residence where Sing had originally seen him. Sing, dressed in full uniform, exited his patrol car, informed Jones that he had a warrant for Jones’s arrest and ordered Jones to come over and be placed under arrest. Sing testified that Jones turned and ran. Atkinson followed Jones on foot as Jones ran in the direction of a drainage ditch in a wooded area. Sing pursued in his patrol car. Atkinson apprehended Jones in a wooded lot where Sing helped subdue Jones, placed handcuffs on him, and placed him in the back of Sing’s patrol car. Sing stated that he then entered the patrol car and drove back to the location where he had initially observed Jones. When Sing returned to that location, he found that his chief of police, Gerald Shackleford, had arrived on the scene. Sing testified that he left the suspect in the back of the patrol car under the watchful eye of the police chief while he and Atkinson backtracked over the chase route in an effort to determine if Jones had discarded anything from the point of the struggle and capture to the car.
¶ 5. Sing testified that he transported Jones to jail, and as soon as Jones had exited the car, Sing checked the backseat and found a “small, plastic baggy containing a yellowish, whitish-colored rock, maybe even orange-colored rock inside the plastic baggy in the middle of the seat.” Since Sing had checked under and around the backseat of the patrol car before putting Jones in the car, Sing concluded that the plastic bag had been placed there by Jones. Sing testified that he had done a limited pat-down of Jones to determine if Jones had any weapons but had not checked the inside of Jones’s pants because he knew that a full and immediate search would be performed at the jail. The officer testified that he did not know where Jones had concealed the bag before he was placed in the patrol car. He stated that he had been primarily concerned with making certain that Jones was detained. Sing’s testimony of the circumstances leading to Jones’s arrest and the finding of the cocaine was corroborated by the testimony of Steve Atkinson.
¶ 6. Edwina Ard of the Tupelo Police Department Crime Lab testified as an expert in the field of identification of controlled substances. Ard testified that the plastic bag found by Sing contained .17 grams of a substance that tested positively for the presence of benzocaine and cocaine base commonly known as crack cocaine.
¶ 7. The police chief, Shackleford, who had assisted by watching Jones, testified that he did not see anyone put anything into the squad car where Jones was seated. The State established a chain of custody of the controlled substance through the narcotics officers who received the drugs and placed them into the evidence *63 room before they were sent to the crime lab for analysis. No fingerprints were taken from the plastic bag. Following the State’s case-in-chief, Jones made his motion for directed verdict. The motion was denied, and Jones chose not to put on a defense. The jury returned a verdict of guilty as charged.
Analysis of Issue Presented

Was the verdict of the jury was against the weight of the evidence ?

Standard of Review
¶ 8. A motion for a new trial will be granted when the weight of the evidence is so overwhelming that an unconscionable injustice would result if a new trial is not granted. It is well established that matters regarding the weight of evidence are to be resolved by the jury. As such, our scope of review is limited in considering challenges to the weight of the evidence. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial, or if the final result will result in an unconscionable injustice. Danner v. State, 748 So.2d 844 (Miss.Ct.App.1999) (citations omitted).
¶ 9. Jones contends that the only explanation for the plastic bag being in the patrol car is that a mistake was obviously made in either the search of the patrol car prior to the arrest or in the search of Jones after he was apprehended. If, argues Jones, Officer Sing were concerned about Jones’s having a weapon, then the search of Jones would have been very thorough. According to Jones, in deciding between the choices of mistakes, the evidence is insufficient to warrant a finding that the mistake was in the search of Jones rather than in the search of the patrol ear.
¶ 10. Jones concedes that the jury’s verdict may only be overturned if the evidence considered in a light most favorable to the State is such that no reasonable and fair-minded juror could have found Jones guilty, and cites Fisher v. State, 481 So.2d 203, 212 (Miss.1985). He argues that in this instance this standard has been met and that no reasonable jury could find Jones guilty in this case. This argument implicates the sufficiency of the evidence rather than weight of the evidence. Nevertheless, this Court strongly disagrees with Jones’s assessment of the evidence and finds that the evidence was not such that allowing the conviction to stand would result in an unconscionable injustice. Thus, we find no abuse of discretion by the trial judge and uphold Jones’s conviction.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE, TO-WIT: COCAINE AND SENTENCE TO SERVE A TERM OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY WITH THE SENTENCE NOW BEING SERVED AS A RESULT OF A REVOCATION OF THE SUSPENDED SENTENCE IN CAUSE NO. CR 89-108-C (D) IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ„ BRIDGES, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.