THOMAS, J.,
for the Court:
¶ 1. This appeal follows the conviction of Jimmy Morgan on one count of burglary *109 for which he was sentenced to a term of six years and fined $2,000. On appeal Morgan raises the following issue
I. WAS THERE SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION?
Finding no error, we affirm.
FACTS
¶ 2. During the night of December 7, 1998, Myers Processing, a meat processing business located in Newton, Mississippi was burglarized. Entry to the building was gained by a broken plate glass window on the side of the building. A silent alarm was activated and police units responded to the call within minutes. The police, aided by the owner of the business, found no one in the building but noted that various meat products had been taken from the business. A broken garbage bag with some meat still in it was found outside of the front of the building along with other meat products scattered about the area and a large amount of broken glass.
¶ 3. The police then searched the surrounding area in patrol cars. Approximately 500 feet from Myers Processing an officer discovered Jimmy Morgan crawling in a ditch. This officer testified that he asked Morgan why he was crawling in a ditch, to which Morgan replied that he had been jogging and tripped on a pine cone. Soon after searching the area the officer found a garbage bag of meat products, later identified as the stolen items, a few feet from where Morgan was found. Some of the meat in the bag was filled with glass. At this time the officers arrested Morgan. After noticing glass on Morgan’s pants, the police sent his clothes to the Mississippi Crime Lab. The Crime Lab found one microscopic shard of glass that was determined to have similar characteristics as a sample taken from the broken window.
¶ 4. At trial, Morgan claimed that he was taking a walk down the street during halftime of the Monday night football game when he noticed police lights in the distance. Curious as to what was going on, he walked in that direction to see what was happening. Upon noticing that it was time for the game to resume, he started back home. As he began to walk up the street incline, a police cruiser turned the corner. It startled him, and he slipped down the ditch. He was climbing out of the ditch when the officer stopped him. He testified that he never saw a bag of meat and did not know anything about the burglary. He explained that the glass on his pants may have gotten there from a window pane which was broken during an altercation between his two roommates earlier in the week.
¶ 5. The State alleged that Morgan committed the burglary. As evidence supporting this allegation the State pointed to the close proximity of Morgan to the burglarized building, the close proximity of the stolen meat to Morgan and the fact that the glass on his pants was found to be the same type as the glass at the crime scene. Morgan was convicted of burglary and sentenced to serve six years in the Mississippi Department of Corrections and fined $2,000.
¶ 6. Morgan appeals, claiming that the verdict of the trial court was against the weight of the evidence. The State maintains that the trial court properly found Morgan guilty of burglary.
ANALYSIS
¶ 7. In the case at hand, the only question presented is whether or not the verdict of the jury was made against the overwhelming weight of the evidence. This issue was recently addressed in Ford v. State, 753 So.2d 489, 490 (Miss.Ct.App.1999), where the Court held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discre *110 tion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
Ford v. State, 753 So.2d 489, 490 (Miss.Ct.App.1999) (citing Danner v. State, 748 So.2d 844 (Miss.Ct.App.1999)). Furthermore, the Mississippi Supreme Court has held that it:
must accept as true the evidence which supports the State’s position, together with all inferences reasonably flowing therefrom in the light most favorable to the State’s theory of the case. If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.
Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). The court continued to explain that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell, 506 So.2d at 991, (citing Arteigapiloto v. State, 496 So.2d 681, 686 (Miss.1986)).
¶ 8. The test to be applied in considering the sufficiency of the proof of a jury verdict based on circumstantial evidence is “whether a rational fact finder might reasonably conclude that the evidence excludes every reasonable hypothesis inconsistent with guilt of the crime charged.” Shields v. State, 702 So.2d 380 (Miss.1997) (citing Deloach v. State, 658 So.2d 875, 876 (Miss.1995); see also Murphy, 566 So.2d at 1204; Vick v. United States, 216 F.2d 228 (5th Cir.1954)). Shields established a checklist of common sense circumstances to be considered:
1. The temporal proximity of the possession to the crime to be inferred;
2. The number or percentage of the fruits of the crime possessed;
3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;
4.Whether an explanation is given and whether that explanation is plausible or demonstrably false.
Shields v. State, 702 So.2d 380 (Miss.1997) (citing Cosby v. Jones, 682 F.2d 1373, 1383 (11th Cir.1982)). See also West v. Wright, 931 F.2d 262 (4th Cir.1991), rev. on other grounds, 505 U.S. 277, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992).
¶ 9. In the ease at hand, Morgan was found in close proximity to the burglarized building. Morgan was also in close proximity to all of the stolen property with the exception of the bag of meat that fell apart and scattered in front of the burglarized building. The fact that Morgan was crawling in a ditch when the officer found him is further evidence of his guilty knowledge in that, one would assume, he was attempting to hide from the police at that time. Finally, Morgan offered two different explanations, neither of which were very plausible. Therefore, we affirm.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF BURGLARY AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $2,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND MYERS, JJ., CONCUR.
PAYNE, J., CONCURS IN RESULT ONLY.