THOMAS, J.,
for the Court:
¶ 1. Martin Broadnax appeals his conviction for burglary of a dwelling house, raising the following issue as error:
I. WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On September 5, 1997, Mrs. Billie Appleton called the Yazoo County Sheriffs department to report that a man had driven into her yard and proceeded to honk his horn until Mrs. Appleton came to the front door. The man then yelled that he wanted someone named Billy Williams and was informed by Mrs. Appleton that no one by that name lived there. The man continued to insist that Billy Williams lived there until Mrs. Appleton told him that he had better leave and dialed 911. Deputy Sheriff William Martin responded to the call and was informed by Mrs. Appleton of the events that had occurred as well as a description of the vehicle the man was driving. Later in court, Mrs. Appleton identified Martin Broadnax as the man who had driven into her yard.
¶ 4. Deputy Martin was joined by Deputy Huffman, and they proceeded to look for the vehicle described by Mrs. Appleton. According to the deputies, they received a call that a car matching the description was seen in Mrs. Appleton’s neighborhood approximately five miles away on Liverpool Road. Deputy Martin noticed the car parked with the driver side door open in the driveway of the residence of Mrs. Logan, 1677 Liverpool Road. Deputy Martin went to the front door and testified that he could hear “rumbling like someone was going through the house.” As Deputy Martin identified himself, Deputy Huffman proceeded to the rear of the dwelling. Deputy Huffman reported to Deputy Martin that the back screen was torn off. The deputies waited for Mrs. Logan to arrive and unlock the door and then commenced to investigate the house. They did not find anyone inside the house, but the house had been ransacked. The deputies then went outside to investigate the car and found several court receipts and a picture of Martin Broadnax. Deputy Martin dusted the jewelry boxes on the floor of the home for fingerprints, of which he found several.
¶ 5. Detective-Major Mike Wallace testified that he and Detective Snow were approached by a gentleman who told them the suspect they were looking for just left in the car in front of them. Responding to this tip, Detective Wallace pulled over a car driven by Wyndell Singleton, which was less than three miles from Mrs. Logan’s house. Broadnax was sitting in the back seat. Detective Wallace stated that Broadnax looked as though he had been running, Broadnax was perspiring and had a slight odor. Deputy Woods, who took Broadnax into custody, testified that Broadnax stated that his car had run hot, and that Broadnax said that he went into Mrs. Logan’s house to get some water.
¶ 6. Mr. Jamie Bush, latent print examiner with the Mississippi Crime Laborato *338 ry, testified that the prints Deputy Martin lifted in the house of Mrs. Logan were those of Martin Broadnax. On August 19, 1998, following a trial on the merits, a guilty verdict of burglary of a dwelling house was returned by the jury. Following the denial of his motion for J.N.O.V. and new trial, Broadnax now appeals.
ANALYSIS
I.
WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 7. Broadnax argues, in the analysis section of his brief, that his conviction should be reversed on grounds that the jury verdict was against the overwhelming weight of the evidence. To support this argument, Broadnax claims the evidence bag was mislabeled, and this in turn fatally flawed the State’s case. However, Deputy Martin, who labeled the bag, testified that he made a mistake by writing armed robbery when in fact it should have been burglary, but that the name Martin Broad-nax and date of the incident were correct. Also, the actual print cards containing the fingerprints of Martin Broadnax, which were lifted from within Mrs. Logan’s house, were correctly labeled and sealed within the evidence bag.
¶ 8. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Howard v. State, 507 So.2d 58, 63 (Miss.1987). In Ford v. State, 753 So.2d 489, 490 (Miss.Ct.App.1999), we held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125 (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss.1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). “Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.” Hughes v. State, 724 So.2d 893, 896 (Miss.1998). “In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State.” Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain, 625 So.2d at 781; Van Buren v. State, 498 So.2d 1224, 1229 (Miss.1986). It has also been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss. 991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). Based on the record before us, suffice it to say that the evidence was more than sufficient to allow the case to go to the jury, and the jury’s verdict was not against the overwhelming weight of the evidence. This assignment of error is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF BURGLARY OF A DWELLING HOUSE AND SENTENCE *339 OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.