LEE, J.,
for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On the night of August 3, 2000, Terrance Bindon was stopped by two Adams County Sheriffs Department officers for driving without headlights or taillights. Bindon got out of his vehicle, and the officers testified they smelled marijuana. One of the officers noticed marijuana seeds lying in the car, and he did a “pat-down” of Bindon to check for weapons. At that time, Bindon reached down and pulled something out of his pants and dropped the object into an opening in the trunk of his car. The officers ordered Bindon to retrieve the object, which he did, and the envelope proved to contain cocaine.
¶ 2. Bindon was later charged with possession of cocaine. After a trial in March 2002, a jury convicted him of the charge for which he was indicted, and he was subsequently sentenced as an habitual offender to serve sixteen years in prison without the possibility of parole.
¶ 3. Bindon appeals to this Court arguing that the verdict was against the overwhelming weight of the evidence. We review his brief and find no merit; thus, we affirm.
DISCUSSION
I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 4. With his sole issue, Bindon argues that the jury’s verdict was against the overwhelming weight of the evidence, and we look to our familiar standard of review:
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
Danner v. State, 748 So.2d 844(¶ 7) (Miss.Ct.App.1999). Bindon also argues in his analysis that the evidence was legally insufficient to support the jury’s verdict. Our standard of review concerning sufficiency of evidence states:
When reviewing the sufficiency of the evidence, this Court looks to all of the evidence before the jurors to determine whether a reasonable, hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. This Court *514 will not reverse a trial judge’s denial of a motion for a new trial unless the verdict is so contrary to the weight of the evidence that, if it is allowed to stand, it would sanction an unconscionable injustice.
Williams v. State, 794 So.2d 181(¶ 7) (Miss.2001) (citations omitted).
¶ 5. Bindon’s debate with the jury verdict centers around the fact that the State failed to produce scientific evidence in the form of fingerprint matches, DNA tests, or other evidence to show the envelope retrieved from Bindon’s car was indeed his. Bindon argues a reasonable hypothetical juror could not have convicted him without this evidence; thus, he should be awarded a new trial.
¶ 6. We find the evidence in the case was sufficient to support the verdict. Upon stopping Bindon, Officer Chuck Mayfield stood back to the rear of the vehicle, but Officer Cliff Cox approached Bindon, who had stepped out of the car leaving his door open. Officer Cox testified that he smelled marijuana emanating from Bindon’s car when Bindon exited the vehicle and left his door ajar; Officer Cox then saw marijuana seeds in the car; Officer Cox conducted a patdown search of Bindon for weapons; Bindon, who was standing by the trunk of the car, reached into his pants during the patdown; and, upon Officer Cox’s demand to remove his hands from his pants, Bindon shoved an object into his trunk which was bowed up on either side apparently due to a previous wreck; Bindon then retrieved the object from the trunk upon Officer Cox’s request and gave the officers a white envelope and said, “You got me, here it is;” the envelope contained cocaine. Bindon did not put on witnesses or evidence in his defense, but he argues that fingerprint or DNA evidence should have been presented to show whether the envelope was indeed his. However, both officers testified as to Bin-don’s possession of the envelope and/or attempt to hide it in his trunk, thus obviating the need for further evidence of possession. We find the evidence sufficient to support the verdict and affirm the trial court.
¶ 7. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND ENHANCED SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.