## ANDERSON *v.* ROBINS.

(Division A. Nov. 2, 1931.)

[137 So. 476. No. 29407.]

**W. C. Sweat,** of Corinth, for appellant.

Bolton & Monaghan, of Tupelo, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The original bill of complaint herein exhibited by the appellee against the Donovan Creek drainage district

No. 2, its commissioners, and the landowners of the district, alleges, in substance, that the drainage district was created under chapter 195, Laws of 1912, as amended by chapter 269, Laws of 1914, and that the aggregate assessment theretofore made of benefits to the lands in the district from the contemplated drainage improvements was sixteen thousand sixty-seven dollars and eighty-nine cents, but that the lowest bid received by the commissioners for doing the contemplated work was that of the appellee for twenty thousand one hundred forty-one dollars and thirty cents, to whom the contract for the doing of the work was awarded for the amount of his bid. The revenue derived from the assessment of benefits being insufficient to pay the amount due the appellee under his contract, the district executed to him four notes or certificates of indebtedness, two of which have been paid. Of the remaining two, partial payments have been made on one, but no payment has been made on the other.

The prayer of the bill as originally filed is that a judgment be given the appellee for the amount due him by the district, ''and that a mandatory injunction be issued directing the district commissioners to raise the assessment of benefits of the district and levy a sufficient tax and collect it and pay off said indebtedness, and to comply with their contract to take all proper and legal steps to provide funds to pay said indebtedness, and that a lien on all of the land of the district be declared in favor of complainant to secure the payment of said amount; and that the interest of all of the defendants in any of said lands be made subject to said lien and that complainant be given the right by the decree of this court to sell said lands or as much thereof as is necessary to pay said indebtedness against the said district and all interests and costs, and that a commissioner be appointed by this court with power to sell said lands for the enforcement of said lien.''

A demurrer to this bill by the landowners was sustained, and an appeal was granted to this court to settle the principles of the case, resulting in an affirmance of the decree, the court holding that land constituting a drainage district is not subject to sale for the payment of debts due by the district. Robins v. Donovan Creek Drainage District No. 2, 152 Miss. 872, 120 So. 184. On the return of the case to the court below, the prayer of the bill was amended so as to eliminate therefrom the request for a sale of the land in the district, and the bill was dismissed as to the landowners. Four of these landowners were then permitted, without objection on the part of the appellee, either here or there, to intervene and defend the suit on behalf of the district.

The case was then heard on bill, answer, and proof. The decree rendered awarded the appellee a judgment for the amount found to be due him on the evidences of debt sued on, and, after reciting "that the benefits received (by the lands of the district) were more than the costs of the construction work of the district, and expenses incurred, and that the benefits to the lands of the district were more than was assessed against them, and that they received other and additional benefits than those actually assessed," proceeds as follows: "It is therefore ordered by the court that the commissioners of said drainage district, R. F. Barrett, W. A. Majors and W. C. Savage, be and they are hereby directed and enjoined to make a new assessment of benefits to the lands of the Donovan Creek Drainage District No. 2 take all proper and legal steps to make said assessments effective and enforceable against the lands of the district and that they proceed to raise sufficient funds from said assessments to pay off and discharge the amount of the indebtedness above decreed to be due to complainant, D. W. Robins, and for their failure so to do they shall be subject to penalty for the violation of the orders of this court."

The appellant's contentions are that the appellee's cause of action, if any, is legal and not equitable, and therefore the court below was without jurisdiction thereof; and, on the merits, that neither a judgment nor a writ of injunction should have been awarded him.

The appellee's claim for a judgment against the drainage district for the amount due him rests wholly on legal grounds, and the jurisdiction to correct and remedy official inaction is vested, by section 2348, Code of 1930, in the circuit court to be exercised by a writ of mandamus.

The court below was, therefore, without jurisdiction in this cause, but we are prohibited from reversing its decree on that ground by section 147 of the constitution.

It is unnecessary for us to decide what would be the effect here under that section of the constitution, if the jurisdiction to correct and remedy official inaction is wholly of statutory origin, for such is not the case. The jurisdiction so to do arose at common law (State Board of Education v. City of West Point, 50 Miss., at page 642), and was exercised by the court of king's bench by means of its writ of mandamus, the issuance of which was "largely controlled by equitable principles." 38 C. J. 541 and 543.

Coming now to the appellant's contention that neither a judgment nor a writ of injunction should have been awarded the appellee, they say that the commissioners of a drainage district are without power to contract a debt in excess of an assessment of benefits to the lands of the district theretofore made. It is unnecessary for us to decide this question, for the notes or certificates of indebtedness issued by the drainage commissioners to the appellee are among the debts of drainage districts validated by chapters 295, Laws of 1922, chapter 225, Laws of 1924, and chapter 280, Laws of 1926. The legislature had full power, under the constitution, to authorize drainage districts to contract debts prior to the as-

sessment of benefits from the proposed drainage scheme to the land of the district, provided liability therefor is not imposed on the land, or its owners, in excess of the benefits accruing to the land. These curative statutes, therefore, in so far as they affect the appellee's notes or certificates of indebtedness, are valid, for the legislature may, within constitutional limits, ratify any unauthorized act of a taxing district which it could have authorized in advance. Griffith v. Vicksburg, 102 Miss. 1, 58 So. 781.

It is true that these validating statutes do not confer on the drainage district power to make an additional assessment of land in the district for the payment of the debts validated; and, unless they have that power, any judgment rendered here would be unenforceable. The power so to do is conferred by section 7, chapter 269, Laws of 1914, section 4463, Code of 1930. This statute was construed in White v. Lake Cormorant, Drainage District, 130 Miss. 351, 94 So. 235, to authorize the commissioners of a drainage district to make an additional assessment of benefits to the land in the district, to the extent that the benefits received by the land from the drainage improvements exceed the benefits thereto theretofore assessed. Or, in other words, to make an additional assessment of the benefits to the land in the district, which, when added to the prior assessment thereof, will not exceed the total benefits to accrue thereto from the drainage improvements, from which it follows that the liability of a drainage district, created under this statute, for the payment of its evidences of debt validated by the statutes hereinbefore referred to, is limited to the amount of revenue derivable from the assessment of benefits to the land therein. These drainage commissioners therefore are authorized by the statute to make an additional assessment of benefits to the land in the district which, when added to the former assessment, will not exceed the total benefits thereto, sufficient

for the payment of the appellee's judgment against the district. Should the additional assessment so made be not sufficient for that purpose, the appellee's judgment, to the extent of such insufficiency, will be unenforceable.

The appellee was entitled to a judgment against the district for the amount due him, but not, in the same proceeding, to a writ of mandamus, for which the court below substituted its writ of injunction, in issuing which it was exercising the jurisdiction the circuit court exercises by means of its writ of mandamus, which lies only to require the performance of an official duty that an officer has refused to discharge. High's Extraordinary Legal Remedies (3 Ed.), sec. 358; 38 C. J. 579. Should the district commissioners refuse to pay this judgment, or to make the assessment of benefits necessary therefor, the circuit court, on petition thereto, is authorized by section 2348, Code of 1930, to compel them so to do. Hardee v. Gibbs, 50 Miss. 802; Klein v. Board of Sup'rs of Smith County, 54 Miss. 254; Town of Crenshaw v. Jackson, 122 Miss. 711, 84 So. 912.

The decree of the court below is also erroneous in two other particulars:

First, the commissioners are required not only to assemble and act in the matter of making an additional assessment of benefits to the land, but are required to make such an assessment thereof as will be sufficient for the payment of the indebtedness due the appellee; the court having adjudged the lands to be susceptible of an additional assessment to that amount. The value which drainage commissioners place on the benefits accruing to the land in a drainage district from its drainage improvements is for their determination under section 7 of chapter 195, Laws of 1912, and of chapter 269, Laws of 1914, section 4463, Code of 1930, subject to such review by the courts as the statutes permit. Mandamus will lie to require the commissioners to assemble and act. But

they cannot be required thereby to make such an assessment of benefits as will be sufficient for the payment of the indebtedness due the appellee. Board of Supervisors v. Lee, 147 Miss. 99, 113 So. 194. It will be their duty to make such an assessment when, but not until, it appears to them, in the exercise of their judicial discretion, that the land is susceptible thereof, as hereinbefore stated.

Second, the decree not only requires the commissioners to levy an assessment of benefits sufficient to pay the amount of the indebtedness due the appellee, but requires them "to raise sufficient funds from said assessment to pay off and discharge" that indebtedness. The commissioners have nothing to do with collecting the assessment of benefits to the lands in the district. That duty, under the statute, must be discharged by the tax collector.

The decree of the court below will be reversed, and the decree which should have been rendered will be entered here; i. e., for a judgment against the district for the amount of the indebtedness found to be due the appellee.

Reversed, and decree for the appellee here.