305 So.2d 357 (1974)
EX parte Elizabeth Laird.
No. 48234.
Supreme Court of Mississippi.
December 16, 1974.
Joe Ragland, Richard T. Bennett, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
On a former day of this term we affirmed the denial of a petition for writ of habeas corpus, but, on petition for rehearing, we withdraw the former opinion and substitute the following as the opinion of the Court.
Petitioner filed a petition for a writ of habeas corpus in the County Court of the First Judicial District of Hinds County contending that she was denied due process in a preliminary hearing for the purpose of determining whether there was probable cause to return her to the penitentiary for a revocation of parole hearing. Petitioner contends that she was denied the right to defend herself by counsel of her choice at the preliminary hearing, thus denying her due process.
Petitioner was granted a parole from the penitentiary, and on April 13, 1974 was arrested for violation of the conditions of her parole. On this date she was given written notice setting a preliminary hearing for the purpose of making an administrative determination whether petitioner should be returned to the penitentiary pending a revocation of parole hearing by the Probation and Parole Board. The notice given petitioner stated that she would have the right to request the Parole Board to be assisted by counsel in the administrative proceedings, such request to be made in writing showing the need for such assistance. The petitioner did not request counsel in writing and when the preliminary hearing was conducted the hearing officer refused to let her counsel, who was present, participate in the hearing.
The rules of the Probation and Parole Board governing preliminary hearings were not presented to the court on the original presentation of this case. Paragraph 3(c) of the rules of the Probation and Parole Board grants to each parolee an absolute right to retain counsel for a preliminary hearing, but the notice of April 13, 1974 to petitioner qualified and limited that right.
*358 We hold that the hearing officer violated the rules of the Probation and Parole Board when he did not permit the attorney who appeared for petitioner to participate in the proceedings; therefore, the decision of the hearing officer was null and void.
The question of the duty of the State to provide private counsel for a parolee on a preliminary hearing is not before the Court because petitioner appeared with counsel of her own choosing. We note, however, that the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) held that although a state is not under a constitutional duty to provide counsel for indigents in all probation or parole revocation cases, indigent parolees may be entitled to appointed counsel under some circumstances. The Court stated:
Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record. (411 U.S. at 790-791, 92 S.Ct. at 1764, 36 L.Ed.2d at 666-667).
Since the rules of the Probation and Parole Board permit parolees to be represented at the preliminary hearing by counsel of their selection, when a parolee is represented by an attorney at a preliminary hearing, such attorney must be permitted to participate in the hearing on behalf of his client.
We reverse the decision of the hearing officer for the reason stated, and order that petitioner be discharged from the penitentiary and restored to her status as a parolee.
In view of the decision here reached, the motion for diminution of record to include revocation proceedings held on a later date before the Probation and Parole Board is overruled.
Reversed and prisoner discharged.
All Justices concur.
GILLESPIE, Chief Justice (specially concurring):
I concur in the foregoing opinion solely on the basis that the rules of the Probation and Parole Board grant each parolee an absolute right to retain counsel for a preliminary hearing. It should be emphasized that in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and in Gardner v. Collier, 274 So.2d 662 (Miss. 1973), it is made clear that a revocation of parole is not a part of a criminal prosecution and the full panoply of rights due the defendant in a criminal prosecution does not apply to parole revocations. Morrissey and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), are clear to the point that the right to be heard through counsel is not absolute in revocation hearings. At most a parolee is entitled to request that he be heard through counsel, and the need for counsel is left to the sound discretion of those officers charged with responsibility for administering the probation and parole system.
Paragraph 3C of the Rules of the Probation and Parole Board extends a right not vouchsafed by the judicial decisions but the Parole Board is not at liberty to disregard its own rules.
*359 I am of the opinion that the widespread tendency to make every administrative proceeding a "trial" is an undesirable development which results in overloading both administrative agencies and the courts. Revocation of a parole, not being a part of a criminal proceeding, ought not to require an attorney in all cases, or even in most cases. In Gagnon, the Court recognized that "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings... ." 411 U.S. at 790, 93 S.Ct. at 1763. The opinion in Gagnon states in a footnote that there are approximately 128,000 revocation hearings in the United States each year. For obvious reasons the courts should be slow to encourage making these hearings adversary proceedings.
Although I fully concur in the foregoing opinion, it is unfortunate that the Court finds itself in a position where it must nullify the proceedings in this case.
All Justices concur, except SUGG, J.