330 So.2d 565 (1976)
MISSISSIPPI STATE PROBATION AND PAROLE BOARD
v.
Janie Grace HOWELL.
No. 49077.
Supreme Court of Mississippi.
March 16, 1976.
Rehearing Denied May 4, 1976.
Stay Denied May 24, 1976.
Certiorari Dismissed June 23, 1976.
A.F. Summer, Atty. Gen., by Edwin A. Snyder, Sp. Asst. Atty. Gen., Jackson, for appellant.
Joe M. Ragland, Jackson, for appellee.
Before GILLESPIE, C.J., and SMITH and ROBERTSON, JJ.
Stay Denied May 24, 1976. See 96 S.Ct. 2199.
Certiorari Dismissed June 23, 1976. See 96 S.Ct. 3184.
GILLESPIE, Chief Justice.
This is an appeal by the Mississippi State Probation and Parole Board (Board) from an order of the Circuit Court of Hinds County directing the clerk of that court to issue a writ of mandamus commanding the Board to grant Janie Grace Howell, a parolee, "her absolute right to present her defense at any subsequent parole revocation hearing, preliminary, or final state." The Board demurred to the petition and the writ was issued upon overruling of the demurrer without proof.
The question of whether the writ of mandamus was erroneously issued, as *566 claimed by the Board, has several points of inquiry next to be stated and discussed.

1. Does a prisoner who is on parole have an absolute right to be represented by retained counsel at any revocation hearing, whether preliminary or final?

The United States Constitution does not require counsel in all parole revocation hearings. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The parolee argues that her absolute right to be represented at any hearing is vouchsafed by Mississippi Constitution, Article 3, section 25, which is as follows:
No person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both.
Parolee further argues that a revocation proceeding is a civil cause and that the parole officer conducting the hearing is a tribunal within the meaning of the cited section of the Mississippi Constitution. We hold that an officer conducting a revocation hearing is performing an administrative act. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, (1972). As suggested in Gagnon, there may be complex cases difficult to develop or present that would require appointment of counsel for an indigent parolee. Likewise, there may be complex cases where assistance of counsel is necessary and where the parole officer should permit the parolee to be represented by retained counsel. But most of the tens of thousands of hearings would not require counsel, and the courts ought not to hold that every parolee is entitled to counsel in every hearing. As said in Gagnon, "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings." In that case the Court noted that over 128,000 revocation hearings occur each year.
In Morrissey v. Brewer, supra, the Court said that the preliminary hearing should be held promptly, at or near the place of the alleged parole violation or arrest. The Court also said that the purpose of the preliminary hearing is to determine whether there is probable cause to believe the parolee has committed acts that would constitute a violation of parole conditions. The Court further said:
[T]he State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if in fact he has failed to abide by the conditions of his parole. 408 U.S. at 483, 92 S.Ct. at 2601, 33 L.Ed.2d at 495.
In Gagnon the Court was concerned with the requirements of the State to appoint counsel for an indigent parolee, but what was said is applicable to the question whether every parolee has an absolute right to be represented by counsel in every hearing. In Gagnon, the Court said:
The introduction of counsel into a revocation proceeding will alter significantly the nature of the proceeding. If counsel is provided for the probationer or parolee, the State in turn will normally provide its own counsel; lawyers, by training and disposition, are advocates and bound by professional duty to present all available evidence and arguments in support of their clients' positions and to contest with vigor all adverse evidence and views. The role of the hearing body itself, aptly described in Morrissey as being "predictive and discretionary" as well as factfinding, may become more akin to that of a judge at a trial, and less attuned to the rehabilitative needs of the individual probationer or parolee. In the greater self-consciousness of its quasi-judicial role, the hearing body may be less tolerant of marginal deviant behavior and feel more pressure to reincarcerate rather than to continue nonpunitive rehabilitation. Certainly, the decision-making process will be prolonged, and *567 the financial cost to the State  for appointed counsel, counsel for the State, a longer record, and the possibility of judicial review  will not be insubstantial. 411 U.S. at 787, 93 S.Ct. at 1762, 36 L.Ed.2d at 665.
The courts should presume that until the contrary is shown the probation authorities will afford due process and grant the right to be represented by counsel if circumstances so require. If not, the parolee has a remedy other than mandamus. Cf. Ex Parte Laird, Miss., 305 So.2d 357.[1]

2. Was the writ of mandamus improvidently issued because it was to take effect prospectively?

In our opinion, the writ of mandamus issued in this case was improvidently issued for the reason that there was no default in the performance of any duty at the time the writ was issued. Unless and until there has been an actual default in the performance of a duty which the officer has refused to discharge, the mandamus will not lie. Anderson v. Robins, 161 Miss. 604, 137 So. 476 (1931). And the writ will not be granted to take effect prospectively. Wood v. State ex rel. Gillespie, 169 Miss. 790, 142 So. 747 (1932). For this second and independent reason, the writ should not have issued.
REVERSED AND RENDERED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
NOTES
[1] The pleadings in the present case show that Paragraph 3(c) of the rules of the Board, which was involved in Laird, supra, has been amended so as to permit the parolee who faces a revocation hearing to request the right to be represented by an attorney, but the amended rule does not grant the absolute right to be represented by retained counsel.