628 So.2d 1368 (1993)
Herwins NOE
v.
STATE of Mississippi.
No. 91-KA-0253.
Supreme Court of Mississippi.
December 9, 1993.
Mark E. McLeod, Jackson, for appellant.
Michael C. Moore, Atty. Gen., Mary Margaret Bowers, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and JAMES L. ROBERTS, Jr., and SMITH, JJ.
HAWKINS, Chief Justice, for the Court:
Herwins Noe appeals his conviction of two counts of aggravated assault in a multicount indictment and sentences of twenty (20) years on each count to be served consecutively. Noe presents for our review a speedy trial issue and alleged errors by the trial court in overruling his motions for directed verdict, JNOV, and new trial. Finding no errors, we affirm.
Noe was a drug purveyor employing the services of Robert Loveless to sell contraband on street premises in the City of Jackson known as "the strip." On Sunday night, *1369 March 19, 1989, Willie "Skeet" Jones and Sammie Tate drove to "the strip" for the purpose of obtaining some cocaine. Jones was driving the vehicle. Tate was a passenger. Jones stopped the vehicle near Loveless and requested a $50 piece of crack cocaine. Upon receiving the contraband, Jones, without remitting payment, suddenly accelerated his vehicle and left the scene, disregarding loud verbal protests of Loveless.
Noe and his associate, Lee Morgan, pursued Jones. Finding Jones' automobile in front of his sister's apartment, they waited outside until Jones and Tate exited and entered the vehicle. Noe then ran to the side of the automobile, thrust a pistol through the car window, and discharged it into Tate's chest. He then shot Jones in the left side.
On June 1, 1989, Noe was arrested in Dade County, Florida, and extradited to Mississippi to stand trial.
Noe's speedy trial issue is controlled by the ruling of this court in Noe v. State, 616 So.2d 298 (Miss. 1993) (Noe I). In Noe I, the identical facts on the speedy trial issue were presented and rejected.
Noe's motions for directed verdict and JNOV challenged the legal sufficiency of the evidence. In this context, the evidence is viewed in a light most favorable to the verdict. Wetz v. State, 503 So.2d 803, 807-08 (Miss. 1987). The credible evidence consistent with Noe's guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss. 1974). We are authorized to "reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Wetz at 808 citing Harveston v. State, 493 So.2d 365, 370 (Miss. 1986); Fisher v. State, 481 So.2d 203, 212 (Miss. 1985).
Our examination of the record convinces us that the evidence was legally sufficient to sustain the jury verdict.
Finally, Noe contends that the jury verdict was against the overwhelming weight of the evidence, with regard to proof that he was the individual who committed the acts of aggravated assault upon the victims.
Noe's new trial motion was addressed to the sound discretion of the trial judge. Such motions are granted if required in the interest of justice or if the jury verdict is contrary to law or the weight of the evidence. Rule 5.16, Miss.Unif.R.Cir.Ct.Prac. In such cases, a new trial should not be ordered unless the trial judge "is convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice." Wetz at 812 citing Temple v. State, 498 So.2d 379, 382 (Miss. 1986); Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983). On appeal, we reverse only when convinced the trial judge has abused his discretion. Wetz at 812 citing Malone v. State, 486 So.2d 360, 366 (Miss. 1986); Quinn v. State, 479 So.2d 706, 710 (Miss. 1985).
The unequivocal, credible evidence in this case shows that Noe pursued, shot, and wounded Jones and Tate following Jones' flight with Noe's cocaine. Jones and Loveless identified Noe as the person who suddenly, without cause, reason or authority, discharged a pistol at and toward Jones and Tate, wounding and hospitalizing them. The record is devoid of any proof that Noe acted in self defense or for any reason other than wreaking vengeance upon the parties for absconding with his cocaine.
From a careful review of the record, we cannot say that the trial court abused its discretion in denying Noe's motion for new trial.
CONVICTION OF TWO (2) COUNTS OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY (20) YEARS ON EACH COUNT AFFIRMED. SAID SENTENCES TO BE SERVED CONSECUTIVELY AND CONSECUTIVE TO CAUSE # G-18.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.