LEE, J.,
for the Court:
¶ 1. James E. Arnold, Jr. was found guilty of uttering forgery by a Lincoln County Circuit Court jury. Aggrieved of this judgment, Arnold raises the following issues as error: 1) the trial court erred when it allowed hearsay evidence to be presented into evidence; 2) the trial court erred when it allowed the State to question the defendant about another check; and 3) the jury’s verdict is against the overwhelming weight of the evidence. Finding the evidence to fully support the verdict, we affirm.
FACTS
¶2. On March 11, 1997, between 7:30 and 8:00 p.m., Arnold went to a Winn Dixie store in Brookhaven, Mississippi. Arnold went through Angel King’s check-out line and purchased meat, beer, and two cartons of Newport cigarettes. King rang up the purchases in the amount of $87.69, and Arnold gave her a check on the Trustmark account of Isaac Sutton.
¶ 3. The assistant manager of Winn Dixie, Diane McCray, saw Arnold checking out. McCray had been suspicious of Arnold and tried to get King’s attention, but was unable to. After King rang Arnold’s purchases, McCray took the check and called the bank on which it was written. The bank informed McCray that the account had no funds. McCray called the home phone number of the person that was listed on the check, Mr. Isaac Sutton. McCray asked Sutton if he had just been in the store, and he told her that he had not.
¶ 4. While in the Winn Dixie, Arnold had spoken with another cashier, Nancy Daniels. McCray asked Daniels if she knew the man that had written the check, and Daniels reluctantly told McCray that the man was her cousin, James Arnold. McCray called the police and when they arrived she gave them a description of Arnold.
¶ 5. Scott Brister, an officer with the Brookhaven Police Department, was called to Winn Dixie that night. After receiving the information, Brister went to Sutton’s home. Sutton lived right next door to Arnold. Sutton told Brister that Arnold had just come home, so Brister went to Arnold’s residence. Arnold was dressed as McCray had described, and at the residence Brister discovered some beer and a partial carton of cigarettes. Brister placed Arnold under arrest and transported him to the station.
¶ 6. On March 12, 1997, Arlustra Henderson, a detective with the Brookha-ven Police Department, checked the police unit Arnold was transported in to look for the checkbook. Henderson took the bottom seat out and ran his hand under the back and found Sutton’s checkbook.
¶ 7. Isaac Sutton testified that on March 11, 1997, he received a call from a manager from Winn Dixie asking him if he had just left the store. Sutton testified that he had not been in the store. Sutton had closed the account upon which the check was written. Two to three weeks before March 11,1997, Sutton had reported to the police that someone had broken in to his home by breaking a door.
¶ 8. Brenda Dillon testified for the State. At the time of the incident, Dillon was living with Arnold. Dillon testified that a few weeks prior to March 11, 1997, she had seen Arnold go to Sutton’s home and heard a noise that sounded like someone kicking a door. A few minutes later, Dillon saw Arnold come out of Sutton’s home. On March 11, 1997, Dillon accompanied Arnold to the Winn Dixie around 7:30 or 8:00 p.m. Dillon sat in the car and when Arnold returned he had a bag with meat in it. Dillon testified that Arnold told her that he had used Sutton’s check.
*424 ¶ 9. James Arnold testified in his own defense. Arnold stated that he did not forge or alter a check at Winn Dixie, but rather, he paid cash for all his purchases.
¶ 10. The jury believed the State’s version of events and found Arnold guilty of one count of uttering forgery.
ANALYSIS
I. THE TRIAL COURT ERRED WHEN IT ALLOWED HEARSAY EVIDENCE TO BE PRESENTED INTO EVIDENCE.
¶ 11. In his first assignment of error, Arnold argues that the trial court erred when it allowed hearsay into evidence. The testimony of which Arnold complains occurred during the testimony from Angel King, the cashier who rang Arnold’s groceries. The prosecution asked King if anyone approached her about the check Arnold had written. King started to tell the court what Nancy Daniels, Arnold’s cousin, had stated. Defense counsel objected. The prosecution explained that the testimony was not offered for the truth of the matter, but what King did after she talked with Daniels. The trial court allowed the prosecution to proceed stating that since the testimony was going to explain what King did after she spoke with Nancy it was not hearsay. Thereafter King stated, “Nancy said that she knew this guy. That she was kin to him and that at that time after we were suspicious of it we had called to see if his check was good.”
¶ 12. Hearsay is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” M.R.E. 801(c). The State argues that the above statement was not hearsay, since the information simply explained why Angel King did what she did, and the fact that Nancy Daniels was related to Arnold was irrelevant. We agree. The trial court was correct in finding that the statement made by King was not hearsay because the statement was “not for the truth but to explain what the witness did” in response. There is no merit to Arnold’s first assignment of error.
II. THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO QUESTION THE DEFENDANT ABOUT ANOTHER CHECK.
¶ 13. Arnold argues that the trial court erred when it allowed the prosecution to question him about another check presented earlier to Winn Dixie on the closed account of Sutton. During the direct testimony of Arnold, he stated that he had paid cash for a purchase he made at Winn Dixie earlier that day, around 2:30 to 3:00 p.m. During cross-examination, over Arnold’s objection, the prosecution asked Arnold about the earlier check and stated, “Isn’t it true at that time that you gave them a check on Mr. Isaac Sutton’s account at that occasion too?” Arnold replied that he spent cash. Thereafter, the prosecution moved on.
¶ 14. During the trial, the defense stated, “I ... object to the admission of the ... faxed copy of the additional check. No foundation has been laid.... And again, it would be prejudicial to the defendant. ...” The prosecution thereafter explained that they would not be introducing the check. The defense did not object again.
¶ 15. The State argues that Arnold is procedurally barred from raising this issue on appeal, as the defense’s objection at trial differs from the grounds raised on appeal. We agree. The law is well settled in this state that the assertion on appeal of grounds for an objection which was not the assertion at trial is not an issue properly preserved on appeal. Ballenger v. State, 667 So.2d 1242, 1264 (Miss.1995). An “objection on one ground at trial waives all other grounds for objection on appeal.” Carter v. State, 722 So.2d 1258, 1261 (¶ 13) (Miss.1998) (citation omitted). Therefore, this issue is procedurally barred.
*425 III. THE JURY’S VERDICT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 16. On appeal, this Court does not retry the facts, but must take the view of the evidence most favorable to the State and must assume that the fact-finder believed the State’s witnesses and disbelieved any contradictory evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993); Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). On review, we accept as true all evidence favorable to the State, and the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Griffin, 607 So.2d at 1201 (citations omitted). The Court will reverse such a ruling only for an abuse of discretion. McClain, 625 So.2d at 781. We will not order a new trial unless this Court is convinced that “the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice.” Noe v. State, 628 So.2d 1368, 1369 (Miss.1993) (quoting Wetz v. State, 503 So.2d 803, 812 (Miss.1987)).
¶ 17. It is clear that there was abundant evidence of the crime of uttering forgery presented at trial. Evidence adduced at trial showed that Arnold went to Winn Dixie in Brookhaven and purchased groceries by a check forged on a closed account of Isaac Sutton’s. The only evidence opposing the verdict was the testimony of Arnold stating that he used cash. “[T]he jury is the sole judge of the credibility of witnesses, and the jury’s decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict.” Nicholson v. State, 523 So.2d 68, 70 (Miss.1988) (citation omitted). “Where the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury’s duty to resolve the conflict.” Id. at 71 (citations omitted).
¶ 18. Under the facts here the jury’s verdict was clearly not against the overwhelming weight of the evidence. We find this issue to be without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF UTTERING FORGERY AND SENTENCE OF FIFTEEN YEARS TO SERVE THE FIRST FIVE YEARS WITH THE LAST TEN YEARS SUSPENDED AND SEVEN YEARS OF POST-RELEASE SUPERVISION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FINE OF $2,500, AND RESTITUTION IN THE AMOUNT OF $1,434.91, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, PAYNE, AND THOMAS, JJ., CONCUR.