# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00283-SCT

*VINCENT RYDELL EDWARDS*

*v.*

*WALTER BOOKER, SUPERINTENDENT OF MISSISSIPPI DEPARTMENT OF CORRECTIONS*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/2000 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROY O. PARKER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JAMES M. NORRIS |
| | JANE L. MAPP |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED- 07/26/2001 |
| MOTION FOR REHEARING FILED: | 8/24/2001; denied 10/18/2001 |
| MANDATE ISSUED: | 10/25/2001 |

## BEFORE McRAE, P.J., DIAZ AND EASLEY, JJ.

### McRAE, PRESIDING JUSTICE, FOR THE COURT:

¶1. Vincent Rydell Edwards, an inmate in the custody of the Mississippi Department of Corrections, appeals from the Sunflower County Circuit Court's dismissal of his action seeking judicial review of the Department's decision finding him guilty of a rules violation and removing him from a house arrest program and placing him in the general prison population. The circuit court correctly held that Edwards had no liberty interest in his inmate classification, and was therefore not denied constitutional due process. However, the right to judicial review of final decisions of the classification committee is conferred by statute. Miss. Code Ann. §§ 47-5-801 through 47-5-807 (1999). Because Edwards exhausted his administrative remedies, the circuit court had jurisdiction to hear his complaint pursuant to section 47-5-803(2), and this case is therefore remanded for a judicial hearing to determine whether Edwards in fact violated the terms of his house arrest.

¶2. Furthermore, the classification committee acted arbitrarily and capriciously in refusing to allow Edwards's retained attorney to participate in the hearing and in refusing to allow Edwards to present witnesses and documents in violation of its own procedures. The circuit court also erred in refusing to allow Edwards to make a proffer of evidence. This case is therefore reversed and remanded for proceedings consistent with this opinion.

## FACTS

¶3. On September 8, 1998, Vincent Rydell Edwards was convicted of possession of cocaine with intent to sell, and was sentenced to twenty years' imprisonment in the Mississippi Department of Corrections.

Pursuant to Miss. Code Ann. § 47-5-1001, Edwards was placed in the Intensive Supervision Program, more commonly known as "House Arrest."

¶4. On or about June 17, 1999, Edwards was in the Intensive Supervision Program ("House Arrest"). The terms of the program required Edwards to be home between the hours of 8:00 p.m. and 8:00 a.m. During the day he was permitted to leave home for certain approved activities, such as employment and running errands during meal breaks.

¶5. On the evening in question, Edwards was employed as a barber at StyleMaster Barbershop. Between 4:30 and 5:00 p.m., Edwards left to take his dinner break with his sister, Sharon Duffy. At approximately 5:10 and 5:30 p.m. Edwards's field officer, Michael Lewellen, phoned the barbershop and was informed that Edwards was not there. Lewellen called Edwards's residence some time shortly after 6:00 p.m. and spoke with Duffy, who informed him that Edwards had just dropped her off and was returning to work. Lewellen then called Edwards's personal line a few minutes later, and again spoke with Duffy. Before leaving work shortly thereafter, Lewellen filed a Rules Violation Report against Edwards, noting on the report that it was not to begin until 8:00 p.m.

¶6. Edwards returned home at approximately 7:15 p.m.,called Lewellen's office, and was informed that Lewellen had left for the day. Pursuant to the report, filed before 8:00 p.m., a warrant was issued for Edwards's arrest, and was served at approximately 10:00 p.m. that night.

¶7. Edwards retained attorney, Roy O. Parker, who requested that MDOC permit him to be present at Edwards's disciplinary hearing to present witnesses and other evidence in defense of Edwards. MDOC denied this request, gave no notice to his attorney, and conducted the hearing on June 29, 1999, without Parker. Edwards was found guilty of the rule violation, was removed from the "House Arrest" program, and placed in the general prison population.

¶8. Edwards appealed the decision of the disciplinary committee. On July 12, 1999, the Community Services Director affirmed the decision of the committee. Thereafter, Edwards requested judicial review in the Sunflower County Circuit Court by means of a writ of habeas corpus, filed October 13, 1999. On February 11, 2000, the circuit court dismissed the writ, holding that it lacked jurisdiction to review actions of the Classification Committee without a due process violation. Edwards appeals and raises the following issues:

**I. Whether the actions of MDOC were arbitrary and capricious when it refused to:**

**A. allow Edwards's attorney to know when the revocation hearing was to be held.**

**B. allow Edwards's attorney to attend the revocation hearing.**

**C. allow Edwards to present witnesses and documents at the hearing.**

**D. inform Edwards's attorney that the appeal had been denied.**

**II. Whether the circuit court had jurisdiction to review the decision of MDOC.**

**III. Whether the circuit court erred in refusing to allow Edwards's attorney to make a proffer of evidence that would show that Edwards did not violate the terms of his House**

**Arrest.**

**IV. Whether Edwards violated any provision of the rules and regulations regarding his house arrest.**

## STANDARDS OF REVIEW

¶9. Whether a circuit court has jurisdiction to hear a matter is a question of law and is therefore reviewed de novo. *Wright v. White*, 693 So.2d 898, 900 (Miss.1997).

¶10. "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional **or statutory rights** of the aggrieved party." *Miss. State Bd. of Pub. Accountancy v. Gray*, 674 So.2d 1251, 1253 (Miss.1996) (emphasis added).

## DISCUSSION

**I. Whether the actions of MDOC were arbitrary and capricious when it refused to:**

**A. allow Edwards's attorney to know when the revocation hearing was to be held.**

**B. allow Edwards's attorney to attend the revocation hearing.**

**C. allow Edwards to present witnesses and documents at the hearing.**

**D. inform Edwards's attorney that the appeal had been denied.**

**1.**

¶11. The State argues that this is basically a due process argument, and "since no liberty interest was involved with Edwards's removal from ISP he was not entitled to due process protections. This does not change simply by terming the actions arbitrary and capricious." The State cites *Sandin v. Conner*, 515 U.S. 474, 115 S. Ct. 2293, 132 L.Ed. 2d 418 (1995) for the proposition that no due process violation was found where Sandin was not allowed to call witnesses at a disciplinary hearing.

¶12. What the State fails to recognize is that MDOC procedures require a hearing before a disciplinary committee where the accused can be heard and present evidence. MDOC Standard Operating Procedure 18.02.01, Disciplinary Procedures, Formal Resolutions at 4. The procedures specifically provide that inmates may call witnesses and present documentary evidence in their defense unless to do so would be: 1) unduly hazardous to safety and security, or, 2) the witness was not present when the violation occurred or has no personal knowledge of the incident, 3) the witness does not want to appear, or, 4) if testimony would be cumulative, the accused may only present two witnesses, 5) if the witness is unavailable, a statement obtained by the investigator or transcribed telephone statement may be used instead of live testimony, or, 6) "revealing the identity of the witness may subject him to personal danger." *Id*. at 4-5. "Any witnesses called by the accused offender or by the disciplinary committee will be given the opportunity to make a statement concerning the charge." *Id*. at 6.

¶13. If the disciplinary committee refuses to follow its own administrative review procedures, then its decision is by definition arbitrary and capricious. The disciplinary committee acted arbitrarily in refusing to

allow Edwards to present witnesses and evidence in violation of its own administrative review procedures.

**2.**

¶14. It is true that Edwards did not have a constitutional right to state-appointed counsel at the disciplinary hearing of the classification committee. However, Edwards retained counsel specifically for the purpose of representing him at the classification committee hearing. MDOC's own regulations provide him the right to examine witnesses and present evidence, though not specifically granting nor denying the right to representation by retained counsel.

¶15. The cases cited by Edwards, *Riely v. State*, 562 So.2d 1206 (Miss. 1990); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973); and *Ex parte Laird*, 305 So.2d 357 (Miss. 1974), all involve the right to counsel at Probation and Parole Board hearings. These cases stand for the proposition that an accused has a right to counsel at such hearings in cases which are complex or difficult to develop, and when, after being informed of his right to request counsel, the accused makes such a request, based on a timely and colorable claim.

*¶16. Riely* and *Gagnon* involve the right to court-appointed counsel, and are therefore distinguishable from the case at bar. In *Laird*, we held that the hearing officer violated the rules of the Probation and Parole Board by refusing to allow her counsel to participate in the proceedings where the Board's own rules provide "an absolute right to retain counsel for a preliminary hearing." *Id.* at 357.

¶17. MDOC Standard Operating Procedure 18.02.01 does not provide for such a right, nor does it deny it. However, common sense and the interest of justice dictate that, where one takes the initiative and goes to the expense of hiring an attorney to speak for him, the attorney should be allowed to represent his client. Neither in the State's brief nor in the record was a reason given for refusing to allow Edwards's attorney to participate in the proceedings. The committee therefore acted arbitrarily or capriciously in refusing to allow Edwards's attorney to participate in the hearing in any way.

## II. The circuit court had jurisdiction to review the decision of MDOC.

¶18. The circuit court held that it "lacks jurisdiction to review the actions of the Classification Committee absent due process violation, this court found none here." The circuit court correctly interpreted Mississippi law in finding that Edwards did not have a liberty interest in his inmate classification. *Carson v. Hargett*, 689 So.2d 753, 755 (Miss. 1996); *Lewis v. State*, 761 So.2d 922 (Miss. Ct. App. 2000) (holding that removal from house arrest and return to general prison population was a matter of inmate classification).

¶19. Absent the infringement of a significant constitutional right, there can be no deprivation of constitutional due process. However, Miss. Code Ann. §§ 47-5-801 to 47-5-807 (1999), authorizes MDOC to adopt its administrative review procedures and creates a statutory scheme of due process.

¶20. Section 47-5-807 expressly provides for the right of judicial review as follows: "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." This right is limited by a preceding section, 47-5-803, which provides that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure <u>unless and until such offender shall have exhausted the remedies as provided in such procedure</u>." (emphasis added).

¶21. The Court of Appeals has recently interpreted section 47-5-801 to hold that the administrative review procedures are the sole means to review decisions of the classification committee. In *Morris v. State*, 767 So.2d 255, 261 (Miss. Ct. App. 2000), the appellate court used section 47-5-807 to hold Morriss's petition time-barred as not brought within the requisite 30 days. The court ignored the remaining language of that section, which states that inmates who are aggrieved by a decision rendered pursuant to administrative review may "seek judicial review." The appellate court concluded bluntly that "[t]here is no right to appeal to a court from this review." *Id*. at 261. This cannot be correct. We have stated:

> [I]t is . . . a cardinal rule of exposition, that the intention is to be deduced from the whole and every part of the statute, taken and compared together--from the words and the context--and such a construction adopted as will best effectuate the intention of the law-giver. . . .

*Green v. Weller*, 32 Miss. (3 George) 650, 678 (1856). The legislature clearly intended to confer upon "any offender" the right to "seek judicial review of the decision."

¶22. Section 47-5-803 (2) allows a state court to review a decision of the administrative body, so long as the offender has first exhausted all administrative remedies. Section 47-5-807 grants to offenders the right to judicial review, so long as it is brought within 30 days of receipt of the agency's decision. Together, these statutes provide that an inmate may challenge an adverse decision of the classification committee, so long as he has exhausted all administrative remedies and has brought the petition within 30 days of receipt of the agency's final decision. *Morris* is therefore overruled to the extent that it is inconsistent with this principle.

¶23. Later, in *Jensen v. State*, No. 1999-CA-01747-SCT, 2001 WL 171322 (Miss. 2001), we held that "Jensen's remedy was to pursue the MDOC grievance procedure rather than filing his petition in circuit court." We went on to hold as follows:

> Only after all administrative remedies have been exhausted will Jensen be entitled to petition for judicial review of his case . . . and we reverse so that Jensen may properly pursue the offender grievance procedures.

*Jensen*, at 3. It is clear from both statutory and case law that an inmate may petition the circuit court after, and only after, following MDOC's grievance procedure to its conclusion.

¶24. MDOC's Disciplinary Procedures provide that classification committee decisions may be appealed to the Institutional Superintendent/Community Services Director within 15 days of notification of the decision. Mississippi Department of Corrections, Standard Operating Procedure 18.02.01, Disciplinary Procedures, Formal Resolutions at 8 (effective 1/15/99). The parties agree in their briefs that Edwards appealed the committee's decision, which was affirmed by John Brinson, prior to filing his writ of habeas corpus in the circuit court. Edwards had therefore properly exhausted his administrative remedies prior to filing his writ of habeas corpus. The circuit court had jurisdiction to hear it, but failed to exercise it. This case is therefore remanded for further proceedings consistent with this opinion.

> **III. Whether the circuit court erred in refusing to allow Edwards's attorney to make a proffer of evidence that would show that Edwards did not violate the terms of his House Arrest.**

¶25. The State addresses this issue as follows: "Whether Edwards could present evidence that he did not

actually violate the terms of his house arrest is irrelevant since he could not prove a due process or other constitutional violation." The circuit court agreed, holding as follows: "I find no circumstances under which any proof you offer would change this situation at all . . . there's no constitutional violation under present law, therefore, I don't see any reason for an offer of proof."

¶26. In *Pennington v. State*, 437 So.2d 37, 39 (Miss. 1983), we held that "[t]he trial judge should always permit attorneys to make a record of objectionable testimony or proffer of same in order that this Court may know whether it is relevant or material." *See also **Lloyd v. State***, 755 So.2d 12, 14 (Miss. Ct. App. 1999)("When a trial court prevents the introduction of certain evidence, it is incumbent that a proffer be made of the potential testimony of the witness or the point is waived for appellate review.").

¶27. The purpose of a proffer is to produce a more complete record, increasing judicial economy. The parties were already before the circuit court. To allow a proffer of evidence into the record at this stage of the proceedings would not have imposed any additional hardship on the court. Edwards did not demand that his witnesses actually testify, but merely that their testimony be summarized by counsel so that it may be preserved in the record for appeal. The circuit court erred in not allowing Edwards to make a proffer of evidence.

### IV. Whether Edwards violated any provision of the rules and regulations regarding his house arrest.

¶28. The State has not specifically briefed this issue and does not challenge Edwards's version of the facts. It does state the following: "Whether Edwards could present evidence that he did not actually violate the terms of his house arrest is irrelevant since he could not prove a due process or other constitutional violation."

¶29. Edwards claims he was prepared to offer into evidence that Doc Robbins, Lewellen's supervisor, would be called as a witness and was prepared to testify that Edwards was not in violation of his house arrest and that he was exactly where he was supposed to be. He would have testified that Edwards was required to work and was allowed to have a lunch break and perform personal errands on the lunch break. Edwards was required to be at his residence only during the hours between 8:00 a.m. and 8:00 p.m.

¶30. Edwards also intended to call his attorney's legal secretary, Lisa Keeler, who personally dealt with the MDOC staff:

> She was prepared to testify that the MDOC refused to allow Edwards's attorney to be present, refused to inform him when the hearing would take place, and refused to allow witnesses to be present at the hearing or to present any relevant documents. The only documents allowed were letters from family and friends informing the committee of the character of the accused. She would further testify that the MDOC failed to keep Edwards's attorney informed of the status of the appeal.

¶31. Sharon Duffy testified by deposition to the facts as purported by Edwards. She stated that she picked Edwards up from work on the evening in question between 4:30 p.m. and 4:45 p.m., and that they proceeded to a dry cleaners in Tupelo. She testified that the cleaners had lost some of Edwards's clothes, and that after haggling for approximately 20 to 25 minutes, Edwards emerged from the cleaners with a check for approximately $500.

¶32. Duffy testified that she and Edwards then proceeded to a Wendy's restaurant, and then to a dry

cleaners in Verona to drop off some of Edwards's clothes. Edwards then took her home and returned to work. Duffy further testified that she spoke to Lewellen when he called the house on both occasions. She stated that she explained to him Edwards's whereabouts, and that Edwards called Lewellen's office when he returned home from work at approximately 7:00 p.m.

¶33. Edwards also argues that a note in the violation report that Edwards did not work on Wednesdays was incorrect. He states that Cordell Edwards was prepared to testify that Edwards did work on Wednesdays, though the shop was sometimes closed on Wednesdays.

¶34. This case is remanded to the circuit court for a factual determination of this issue. If Edwards is found to have not violated the terms of the Intensive Supervision Program, then the decision of the Classification Committee should be vacated.

## CONCLUSION

¶35. As this case is remanded for further proceedings, it is unnecessary to address the additional issues raised in this appeal. The classification committee acted arbitrarily and capriciously in refusing to allow Edwards to present witnesses and documents in violation of its own procedures and in refusing to allow his retained counsel to participate in the hearing. Also, the circuit court should have allowed Edwards to make a proffer of evidence.

¶36. The right to judicial review of final decisions of the classification committee is conferred by statute. Because Edwards exhausted his administrative remedies, the circuit court has jurisdiction to hear his appeal, and this case is remanded for a factual determination of whether Edwards in fact violated the terms of his house arrest. For these reasons, the judgment of the Sunflower County Circuit Court is reversed, and this case is remanded for proceedings consistent with this opinion.

¶37. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR. COBB, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**