MeMILLIN, C.J.,
for the court.
¶ 1. Linda Yennie pled guilty in 1999 to one count of burglary and received a seven year sentence. The imposition of the sentence was suspended and Yennie was placed on supervised probation for three years. The trial court later revoked her probation after a hearing in which Yennie admitted that she had violated the terms of her probation. The court ordered her to serve the entire seven year sentence. Yennie subsequently filed a motion for post-conviction relief alleging that she received ineffective assistance of counsel at the revocation hearing. The circuit court denied her motion without a hearing and Yennie appealed that decision to this Court. We affirm.
¶2. Yennie alleged in her motion that she had retained an attorney to represent her at the revocation hearing but that the attorney did not appear. As a result, she alleged, she “could offer the court no evidence in my case.” The record before us does not include a transcript of the revocation hearing. Yennie does not allege that she made the circuit court aware that she had expected to be represented at the hearing, nor does she set out what evidence she was unable to present that might have resulted in a different outcome had the court only been aware of it.
¶ 3. Though there are certain due process protections afforded a defendant in a revocation proceeding, there is no Sixth Amendment guarantee of counsel in every instance. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990). Depending on the issues involved in the revocation, there may be situations where counsel is required to ensure that the defendant is afforded a fair hearing. Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Ex parte Laird, 305 So.2d 357, 358 (Miss.1974). However, there is no contention that this case is one where the issues were such that counsel was absolutely required. Thus, we are not confronted with an error of constitutional proportion solely by virtue of the fact that Yennie did not have an attorney to represent her.
¶ 4. Certainly, the unexplained failure by retained counsel to appear at a scheduled court date such as a revocation hearing— assuming strictly for sake of argument the truth of Yennie’s assertions to that effect — would fall below the reasonable standard of competence for an attorney under the test adopted in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, in order to warrant relief, the movant must also show that, but for the deficient performance, there was a substantial likelihood of a more favorable outcome. Id.
¶ 5. Without any indication of what pertinent evidence or legal argument Yennie was prevented from presenting to the court for consideration, it is impossible to conclude that counsel’s alleged failure to appear altered the outcome of this revocation hearing. Because Yennie has failed to make the required showing of any likelihood of prevailing on this second prong of the Strickland test, we conclude that the circuit court was correct in denying relief on Yennie’s motion.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.